HUGH W. REYNOLDS, Appellant, v. ELI WILSON, Executor, &c., et al., Appellees.

APPEAL FROM PEORIA.

Where an order of court directs the manner of sale of real estate of a deceased person, it is the duty of the executor or administrator to conform strictly to its requirements.

A court may, if deemed beneficial to the estate, order the sale upon a credit, and prescribe such duties as are not inconsistent with the policy of the statute, all which must be strictly followed.

Where special proceedings are authorized, by which the estate of a party may be divested and transferred to another, every material step in the course of the proceedings must be pursued.

Where an order of sale directs that six weeks' notice thereof shall be given, a shorter notice will invalidate the sale.

THIS cause was heard before PETERS, Judge, at May term, 1854, of the Peoria Circuit Court.

N. H. PURPLE, for appellant.

MANNING and MERRIMAN, for appellees.

TREAT, C. J. Wilson, executor of Squires, obtained an order for the sale of so much of the real estate of which the testator died seized, as would be sufficient for the payment of his debts. The order required the executor to give six weeks' notice of the sale in a newspaper, to convey the lands sold to the purchaser, and report his proceedings to the court. The executor reported

the sale and conveyance of two hundred acres of land to Reynolds for $385. It appeared from the report, that he gave but four weeks' notice of the sale. Some of the heirs of the testator filed exceptions to the report; and the executor and purchaser each entered motions that it be confirmed. The court sustained the exceptions taken by the heirs, and overruled the motions for the confirmation of the report. The purchaser sued out a writ of error.

The statute provides: " No lands or tenements shall be sold by virtue of any such order of the circuit court as aforesaid, unless such sale be at public vendue, and between the hours of ten o'clock in the forenoon, and five o'clock of the afternoon of the same day; nor unless the time and place of holding such sale shall have been previously published for the space of six weeks successively, by putting up notices thereof in at least four of the most public places in the county where such real estate shall be sold; and also by causing a similar notice thereof to be published in the nearest newspaper in this State; nor unless such real estate shall be described with common certainty in the said advertisements. And if any executor or administrator so ordered to make sale of any real estate as aforesaid, shall sell the same contrary to the provisions of this chapter, he shall forfeit and pay the sum of five hundred dollars, to be recovered by action of debt, in the name of the people of the State of Illinois, for the use of any person interested who may prosecute for the same; provided, that no such offence shall be deemed to affect the validity of such sale; and provided further, that it shall be lawful for such executor or administrator to sell the same on a credit of not less than six, nor more than twelve months, by taking bond, with good security, for the payment of the purchase-money, and by taking a mortgage on said land."

It is insisted by the plaintiff in error, that the failure of an executor or administrator to comply with these provisions of the statute, does not affect the validity of a sale made by him. It is contended on the other hand, that these requisitions must be strictly pursued, in order to divest the heir of title; that the only effect to be given to the first proviso is, that a conviction of the executor or administrator, for failing to observe them, does not *ipso facto* avoid the sale; but the validity of the sale, when questioned by the heir, must be determined without reference to such conviction. In our view of this case, it will not be necessary to decide which is the proper construction of the statute. The sale in question must be held invalid, whatever may have been the real intention of the legislature. The proviso undoubtedly applies to a sale made by virtue of a general license from

the court. In the case of such an order, the executor or administrator must look to the statute for his specific powers and duties. The order merely authorizes him to sell according to its provisions. But this sale was not made under such an order, and the proviso has no application to the case. The order prescribed the mode and terms of sale, and it was the duty of the executor to conform to its requirements. The court directed him to give six weeks' notice of the time and place and terms of sale, by advertisement in a newspaper of the county ; and it reserved the right to control his action in the matter, by requiring him to make report of his proceedings. It is clearly competent for a court to prescribe the mode and terms of such a sale, provided it requires as much of the executor or administrator as the statute contemplates. If deemed beneficial to the estate, the court may require the executor or administrator to give more than six weeks' notice of the sale ; it may require the notice to be published in a particular newspaper, or in more than one; it may require the sale to be made on credit, even on a credit of more than twelve months ; and it may provide that the title shall be withheld until the purchase-money is paid. Requirements of this character are not prohibited by the statute; nor are they inconsistent with its policy. Where an order on its face prescribes the terms of sale, it is the duty of the executor or administrator to follow it. He has no discretion to exercise. His duties are defined in the order, and he must execute them accordingly. The purchaser has full notice of what the order contains, for the statute requires it to be set forth at large in the deed. He learns therefrom the duties of the executor or administrator, and can easily ascertain whether he has performed them. The general principle of the law is strictly applicable to this case ; that where special proceedings are authorized, by which the estate of one may be divested and transferred to another, every material step in the course of the proceedings must be pursued. The order required the executor to give six weeks' notice of the sale. He had no power to sell until such notice had been given. As he failed to give the notice, the sale in question was invalid. The purchaser knew, or had the means of knowing, that the executor was not pursuing his authority in making the sale. He had no right to call upon the court to confirm an act done in express violation of its order.

The judgment is affirmed.

*Judgment affirmed.*