SARAH WALLACE, EXECUTRIX,

v.

THE CHICAGO & ERIE STOVE COMPANY, LIMITED.

*Administration—Appeal and Error—Practice.*

1. A plaintiff in error, or an appellant, can not complain of things which only concern other parties.

2. Before one can, as a creditor, be allowed an appeal from an order of the Probate Court, he must have filed a claim as a creditor.

3. An allegation in an affidavit that one is a creditor, is but a statement of a conclusion.

[Opinion filed December 29, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

The estate of Joseph Wallace being under administration in the Probate Court of Cook County, an affidavit was filed therein setting forth in substance, that the Chicago & Erie

Stove Company is a limited corporation organized under the laws of the State of Pennsylvania, and that said company is a large creditor in the estate of Joseph Wallace, deceased; that the executrix of said Wallace, deceased, filed a pretended inventory; that affiant is informed that at the death of said Wallace he was seized and possessed of a large number of promissory notes, of which a schedule is attached; that affiant is informed that said executrix, shortly after the death of said Wallace, deceased, had possession of said notes, and that said executrix now has possession or control of them; that the inventory filed is not a full and perfect inventory of the real and personal estate of said deceased.

SCHEDULE OF NOTES.

| Date. | Maker. | Payee. | Amount. |
|---|---|---|---|
| * | *    * | *    * | * |

Thereupon the Chicago & Erie Stove Company moved that the order of the Probate Court, theretofore made, approving the inventory of said estate which had been filed by the executrix, be set aside, and a rule entered requiring her to file a full and true inventory. On the 19th of the following August, the Probate Court, after hearing the evidence adduced upon said motion and the arguments of counsel, found that the notes mentioned in the schedule attached to the affidavit upon which said motion was based, were not the property of the said Joseph Wallace, deceased, but were the property of Walter G. Kollmyer; wherefore the court ordered that the said notes be turned over to said Kollmyer; to which order said Chicago & Erie Stove Co. excepted and prayed an appeal to the Circuit Court, which appeal was allowed.

The Circuit Court, upon a hearing of the matter of said motion, sustained the same, reversed the order of the Probate Court, and ordered the said executrix to file a full and true inventory of said estate, including the notes mentioned in the said affidavit. From this order said executrix prosecutes an appeal by her taken to this court.

Messrs. LACKNER & BUTZ and E. S. BOTTUM, for appellant.

Mr. E. J. Whitehead, for appellee.

Mr. Justice Waterman. The record filed in this court fails to disclose that the Chicago & Erie Stove Company, limited, which alone took an appeal from the order of the Probate Court, has ever filed in the Probate Court any claim, or made, in this proceeding, any proof of any claim, against the estate of the said Joseph Wallace, deceased.

There is no pretense that, save as a creditor of such estate, it would have any right to take an appeal from any order therein made by the Probate Court.

The allegation in an affidavit that one is a creditor, is but a statement of a conclusion. McGesch v. Hooker, 11 Ill. App. 649; Barrett v. Hinckley, 124 Ill. 32.

The statute in reference to appeals is very broad, being that " Appeals shall be allowed in favor of any person who may consider himself aggrieved." Sec. 123, Chap. 3, R. S.

It has been held that any creditor may appeal from an order approving the allowance made by appraisers to the widow for her dower in the personal property; the claim of the creditor concerning whom this was said, had been allowed by the County Court. Wood v. Johnson, 13 Ill. App. 548.

In Weer v. Gand, 88 Ill. 490, a guardian having died and his estate being administered upon, it was held that the surety upon his bond had a right to appeal from an order transferring a claim against his estate from the seventh to the sixth class, the claim not being that of his ward. The court, commenting upon Sec. 123 of the act concerning administration, said: " It does not seem to be essential that the person aggrieved should be a party of record to the litigation in which the judgment may be rendered. The only question, then, is, whether appellant was aggrieved by the judgment rendered in this case, and upon this point we entertain no doubt."

So, too, in Pfirshing v. Falsh, 87 Ill. 260, the court expresses itself in the following language: " The first and second of these objections are fully answered by Sec. 123, Chap. 3,

Rev. Stat. 1874, page 126, which gives any person aggrieved the right of appeal."

It is a familiar rule, that a plaintiff in error or an appellant, can not complain of things which only concern other parties. Brown v. Miner, 128 Ill. 148; Borders v. Murphy, 125 Ill. 577.

While, therefore, the literal reading of the statute is that any person who may consider himself aggrieved shall be allowed an appeal, it is manifest that if, in reality, he is not aggrieved, an appeal by him would be dismissed. We are therefore of the opinion that before one can, as a creditor, be allowed an appeal from an order of the Probate Court, he must have filed a claim as a creditor, and that the appeal prayed by the Chicago & Erie Stove Company, limited, should, upon what is shown in this record, have been denied.

The order of the Circuit Court is reversed and the cause remanded to that court, with directions to dismiss the appeal taken to it.

*Reversed and remanded with directions.*