JOHN JENNINGS

*v.*

MARY D. DUNPHY *et al.*

*Opinion filed June 23, 1898.*

JUDICIAL SALES—*power of county court to set aside conservator's sale before confirmation.* A county court may, before confirmation, disapprove a conservator's sale made subject to its approval, where, though the sale is regularly and fairly made, it clearly appears to the court that a re-sale will be advantageous to the estate of the party under disability, whose interests the court is primarily bound to watch over and protect.

WRIT of ERROR to the County Court of Jersey county; the Hon. A. M. SLATEN, Judge, presiding.

This is a writ of error to reverse a judgment of the county court of Jersey county disapproving a conservator's report of sale and ordering a re-sale of the property.

Richard Kiely, conservator of Charles M. Boyle, insane, had petitioned the court for an order for the sale of certain real estate owned by the said Boyle. A decree was entered in accordance with the prayer of the petition, and after due publication of notice a sale was had, which resulted in the property being struck off to John Jennings for $2150. The property was sold subject to an incumbrance which had been foreclosed, which, with taxes, costs, etc., aggregated $5462 in amount. It appears that some thirty or more persons were present at the sale, but that the bidding was confined almost entirely to John T. Jennings, who was bidding for his father, John Jennings, and one John Dunphy, who was acting for his wife, Mary D. Dunphy. Two days after the sale the conservator filed his report, and on the same day exceptions thereto were filed by Mary D. Dunphy, asking that the report be disapproved and a re-sale ordered, offering and agreeing, in case of re-sale, to pay $400 more than the amount of the Jennings bid, and giving a bond,

with sufficient sureties, for the due performance of her proposed agreement. The guardian *ad litem* of Charles M. Boyle thereupon filed his exceptions to the report, expressly making a part thereof the exceptions of Mary D. Dunphy. The conservator also asked for a disapproval of the report and an order of re-sale. Jennings appeared and asked for a confirmation of the report of sale. On the hearing of the exceptions the court, as before stated, disapproved the report and ordered the property re-sold.

No question is made as to the regularity of the sale, nor is there serious contention that the amount bid was grossly inadequate. Indeed, the evidence showed it was a fair price for the property, under the circumstances.

GEORGE W. HERDMAN, and HAMILTON & HAMILTON, for plaintiff in error:

Public policy demands that the stability of judicial sales shall be upheld, otherwise property at such sales will necessarily be sacrificed for want of bidders and for want of confidence. People attend such sales expecting to get property for less than its full value, and if the sale has been in all respects regularly conducted, and there is no fraud, accident, mistake or collusion, the purchaser is entitled to be protected in his purchase. *Comstock* v. *Purple*, 49 Ill. 158; *Sowards* v. *Pritchett*, 37 id. 523; *Duncan* v. *Sanders*, 50 id. 475; *Conover* v. *Musgrave*, 68 id. 62.

Inadequacy of price is not, of itself, ground for setting aside a sale, unless it be so gross as to raise a presumption of fraud. Freeman on Executions, sec. 309; Herman on Executions, (1st ed.) pp. 412-416; Rorer on Judicial Sales, secs. 395-401; 12 Am. & Eng. Ency. of Law, 235; *Comstock* v. *Purple*, 49 Ill. 158; *Kimball* v. *Lincoln*, 99 id. 584; *Barling* v. *Peters*, 134 id. 606; *Berry* v. *Lovi*, 107 id. 612; *Davis* v. *Dock Co.* 129 id. 180; *Ayres* v. *Baumgarten*, 15 id. 444; *O'Callaghan* v. *O'Callaghan*, 91 id. 228; *Duncan* v. *Sanders*, 50 id. 475; *Heberer* v. *Heberer*, 67 id. 253; *Conover* v. *Musgrave*, 68 id. 58; *Watt* v. *McGalliard*, 67 id. 513; *Bow-*

*man* v. *Ash*, 36 Ill. App. 115; *Cleaver* v. *Green*, 107 Ill. 67; *Mulford* v. *Stalzenback*, 46 id. 303.

THOMAS F. FERNS, for defendant in error Mary D. Dunphy; H. W. POGUE, for defendant in error Richard Kiely, conservator; and ED. J. VAUGHN, guardian *ad litem*, for Charles M. Boyle:

The rights of a purchaser at an execution sale are fixed and determined upon the acceptance of his bid, while in the case of a purchaser at a judicial sale the acceptance of his bid is not valid or binding, and confers no right to the property sought to be sold until confirmed by the court. Rorer on Judicial Sales, secs. 2, 3, 4, 46, 47, 50; *Hart* v. *Burch*, 130 Ill. 426; *Young* v. *Keogh*, 11 id. 642.

Until the bid at a judicial sale is reported to the court and the report is approved the sale is incomplete, and the bidder is under no obligation to complete the purchase. *Dills* v. *Jasper*, 33 Ill. 263.

The court has a broad discretion in the approval or disapproval of judicial sales. Confirmation is final consent, and the court being the vendor, it may consent or not, at discretion. Rorer on Judicial Sales, secs. 124, 126.

In the matter of the estates of insane wards county courts exercise equitable powers, and it is one of the peculiar provinces of equity to protect and promote the interests of infants and other incompetent persons. *Ames* v. *Ames*, 151 Ill. 280; *Shepard* v. *Speer*, 140 id. 238; *Hartmann* v. *Hartmann*, 59 id. 103; *King* v. *King*, 15 id. 188; *Grattan* v. *Grattan*, 18 id. 167.

Sales of real estate by a conservator are within the provisions of the Statute of Frauds, and cannot be enforced unless there is a memorandum of the sale signed by him. *Bozza* v. *Rowe*, 30 Ill. 198.

The report of the conservator, and approval of the same by the court, are essential to vest title in the purchaser, and courts of equity will not supply these defects. *Young* v. *Dowling*, 15 Ill. 482.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The material question in this case is, whether the county court has power to disapprove a conservator's sale, made subject to approval, and order a re-sale of the property, where the sale has been regularly and fairly conducted and the amount bid is a fair price, if it appears to the court that a re-sale of the property will be for the best interest of the insane person's estate.

The case of *Comstock* v. *Purple*, 49 Ill. 158, is cited by counsel for plaintiff in error as sustaining the contention that the county court had no power to disapprove the report of sale in the absence of fraud, irregularity or gross inadequacy of consideration. It was there said (p. 168): "Where a judicial sale has been fairly and impartially conducted, in the presence of numbers, and the bidding is spirited and lively, as in this case, something more than mere inadequacy of price should be shown to justify a court in setting aside the sale." It appears, however, that the sale there sought to be set aside was made by the master in chancery under a partition decree, which specially authorized the master to make a deed on payment of cash in hand. The sale by the master was made in December and a deed made to the purchaser, who in turn conveyed the property to third persons. The master's report was not filed until July of the following year. In holding the court erred in not confirming the sale it was said: "In this case a deed was actually made to the purchaser, the whole of the purchase money having been paid, and it was sought to take the bargain from him, by proceedings in court, instituted and carried on to a final order, *without any notice to him.* Such injustice is beyond comment."

In the case of *Hart* v. *Burch*, 130 Ill. 426, it was said (p. 432): "A sale by a master in chancery, or other person authorized to execute the decrees in chancery, is not, until confirmed by the court, a sale in a legal sense.

* * * 'Until then,' says Mr. Rorer, (Judicial Sales, sec. 124,) 'it is a sale only in the popular sense, and not a legal or judicial sale. The chancellor has a broad discretion in the approval or disapproval of such sale. The accepted bidder acquires, by the mere acceptance of his bid, no independent right * * * to have his purchase completed, but is merely a preferred proposer until confirmation of the sale by the court, as agreed to by its ministerial agent.' * * * Confirmation is final consent, and the court, being in fact the vendor, may consent or not, in its discretion."

It is true it has been held that the English practice of opening biddings at a master's sale, before confirmation of the report, on the offer of a reasonable advance upon the sum bid at the sale, does not obtain in this country; (*Ayres* v. *Baumgarten*, 15 Ill. 444;) but there seems to be a distinction between a sale by a master in chancery and one by an administrator or conservator. The case of *Bozza* v. *Rowe*, 30 Ill. 198, was a bill for specific performance to compel an administrator to execute a deed to the highest bidder at a sale sanctioned by the court. In holding that the sale by the administrator was within the Statute of Frauds, and could not be enforced in the absence of a memorandum of sale signed by him, it was said: "It is insisted that this sale is precisely the same as a master's, and that as his need not be evidenced by writing an administrator's may be enforced although only verbal. If it be true that a master's sale need not be in writing, still it does not follow that the same rule governs this class of cases. The master is the mere instrument of the court, acts under its directions and is subject to its control. The master is employed to carry out the decree of the court, and his acts under the decree, when regular, are considered those of the chancellor. But if he was not, still the biddings at his sale are not binding and cannot be enforced until approved by the court." It is also true that in the case of *Conover* v.

*Musgrave*, 68 Ill. 58, it was said, that "public policy requires stability in all judicial sales, and that they should not be disturbed for slight causes." But in that case a deed had been made to the first purchaser, who had conveyed to third parties. The irregularity there complained of was a mistake in the date on which the sale was advertised to occur. In holding that the sale should not be set aside it was said: "Had the defendants in error, by their next friend, shown the facts, now proved, on the coming in of the guardian's report, the court below would not have confirmed the sale, but would have set it aside and ordered a re-sale."

The case last mentioned, and, in fact, all of the cases to which our attention has been called where judicial sales have been upheld, arose upon a state of facts distinguishable from those of the case at bar. There the purchase money had been paid, a deed delivered to the purchaser, and, in some instances, the property had been conveyed to third parties. In all, a considerable length of time, ranging from six months to nineteen years, was allowed to elapse between the sale and the proceedings to set it aside. In many cases the purchaser had made lasting and valuable improvements. In the case at bar the decree directed the conservator to expose the land at public vendue and to report the sale to the court, and, *upon approval* and record thereof, to execute a deed to the purchaser. The notice of sale followed the decree, stating the terms of sale to be "for cash in hand, upon approval of sale by the county court." The power of the conservator was derived from the decree, and he could not sell otherwise than according to its terms. It was the primary duty of the court to watch over and protect the interests of the party whose unfortunate disability had rendered necessary the appointment of a conservator and the sale of his property. Here the sale was ordered to be made subject to the court's approval. As soon as the report was filed exceptions were presented, by which

it was made to appear that a confirmation of the sale would result in a loss to the estate of Charles M. Boyle of at least $400. We are of the opinion that in this case the county court did not abuse its discretion in disapproving the report and ordering a re-sale. Had the sale been approved and a bill been subsequently filed to set aside the sale on the same grounds, a different question would have been presented. The bid being subject to the approval of the court, the bidder acquired no rights in the property until confirmation.

The judgment of the county court will accordingly be affirmed.

*Judgment affirmed.*