## Edward Mayrand v. Marie Mayrand.

1. APPEALS—*Do Not Lie from Orders of the County Court Appointing Appraisers.*—An appeal does not lie from an order of the County Court naming persons to appraise the personal property belonging to the estate of a deceased person.

2. ADMINISTRATION OF ESTATES—*Appraisement Necessary in Testate Estates.*—Where there is property belonging to an estate the statute requires it to be appraised although the will gives it to the widow; for the will may be set aside and the legal representatives required to account for it.

Administration of Estates.—Appeal from the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

C. H. PAYSON and W. H. SAVARY, attorneys for appellants.

H. K. WHEELER and ALEXIS L. GRANGER, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The County Court of Kankakee County named three persons to appraise the goods, chattels and effects belonging to the estate of Edward Mayrand, deceased, then being administered in said court, and directed that a warrant issue to them to make such appraisement. The executors prayed an appeal to the Circuit Court from that order. The County Court granted the appeal upon certain conditions as to an appeal bond. The record before us does not disclose that the executors complied with the conditions or filed any appeal bond in said County Court, but the case was afterward treated as pending on appeal in the Circuit Court. Upon a hearing in the Circuit Court the same persons were re-appointed appraisers and the order of the County Court was affirmed, and the costs of the appeal were adjudged against the executors, to be paid in due course of administration. From that order the executors prosecute this appeal.

1. The order of the County Court was not appealable, and that court should not have granted the appeal prayed. There was personal property to be appraised. Section 53 of the administration act is mandatory that a warrant shall issue to three persons to appraise the personal property. If in some cases an appraisement may be omitted at the joint request of all parties interested, there was no such case here. All the County Court needed to do was to name the persons, and it then became the duty of the county clerk to issue the warrant. The mere order to issue a warrant which the statute required should be issued, was not an order by which any one could be aggrieved, under section 124 allowing appeals from orders of the County Court in probate matters, to parties who consider themselves aggrieved. The statute can not mean that an appeal can be taken from any order the County Court may enter during the entire

administration of an estate. If it could, appeals could be taken from an order fixing a time for the presentation. of claims, or continuing a claim, or setting the hearing of a contested claim for a day certain, and from many other like orders which are either matters of course or within the discretion of the court in matters of procedure. To be appealable the order should be one by which a party might have reason to be aggrieved. To permit an appeal from every order would enable belligerent parties to greatly embarrass and delay the settlement of the estate, and to put it to much needless expense. When the appraisement came in, proceedings to approve or reject it might result in an order of a final nature, and therefore appealable. The Circuit Court, however, entered a judgment for costs, and that was an appealable order.

2. There is no pretense of any showing in this record which would justify the court in reversing the order directing an appraisement. There was property to be appraised. The statute required it to be appraised. The will gave most but not all of the appraiseable personalty to the widow, but no one could know but the will might be set aside and the legal representatives required to account for the personalty. Indeed, the executors at the hearing in the Circuit Court offered in evidence their answers filed in the County Court to the application for the appointment of appraisers, in which they not only consented to, but even prayed that a warrant issue according to law, appointing appraisers to appraise the personal property of deceased. True, they also offered in evidence an amended answer they filed later in the County Court, but even it contained no objection to the appointment of appraisers. No objection is made to the persons named as appraisers. The whole controversy relates to the widow's award, involved in another cause in which we file an opinion this day. (See page 481.) The executors having consented that the County Court should appoint appraisers, and having even prayed it to do so, no reason existed why an appeal should have been attempted by them from the order appointing the appraisers.

The order is affirmed.