Lane v. Thorn.

---

## Thomas E. Lane, Ex'r, etc., v. John A. Thorn, Adm., etc.

1. ADMINISTRATION OF ESTATES — *Appeal from Order Allowing Widow's Award.*—Where the widow's award and her election to take in money are approved by the County Court, it constitutes a judgment for a claim of the second class. Its allowance binds the personal estate and binds the executor as to the personal estate, the title to which the law casts upon him in trust for the payment of claims and legacies and costs of administration. But the executor can appeal from the allowance; it is not final, but only *prima facie* valid, as against the real estate and its owner.

2. SAME—*Parties to Action to Sell Real Estate.*—If the devisee of the real estate chooses to permit the sale of it for the payment of the award, the executor has no right to prevent it; he can not defend for her.

3. SAME—*Right of Appeal from Order of County Court.*—Section 124 of the administration act, which gives the right of appeal to any person who may consider himself aggrieved by an order of the County Court entered in the administration of any estate, does not authorize an

appeal from every order entered during the entire administration. To be appealable the order must be one by which the party might have reason to be aggrieved.

4. APPEALS—*From Probate—What Constitutes a Grievance Under Sec. 124 of the Administration Act.*—The appellant must show the interest in the matter litigated which gives him the right to appeal; a grievance in the legal sense exists only when the judgment, order or decree complained of directly operates upon the property or bears upon his interest.

5. SAME—*Mere Interlocutory Orders.*—Mere interlocutory orders entered in the administration of estates, which decide definitely no matter of right, are not the subject of appeals, unless they affect the merits of the cause and constitute a grievance to the party appealing.

**Petition for Sale of Real Estate.**—Appeal from the Circuit Court of Boone County; the Hon. CHARLES E. FULLER, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

WILLIAM L. PIERCE, attorney for appellant.

W. W. WOOD, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The estate of Eli Sergent, deceased, is being administered in the County Court of Boone County. The widow filed a petition in said court stating that a widow's award of $700 had been made to her, and approved by the court, and that she had filed an election to take the same in money; that it had not been paid and there was no personal estate from which to pay it; and she asked that the executor be directed to file a petition to sell certain real estate owned by deceased, for the payment of claims and costs, including the sum due her on said award. She set up in her petition a certain agreement between herself and her deceased husband which, she alleged, gave her a life estate in said premises. The executor answered admitting the facts, and admitting that the widow's election to take the $700 in money had been approved by the court, but he claimed that by virtue of said contract between Eli Sergent and the petitioner, she was barred from a widow's award, and if not, still she was barred from asserting that award against the real estate. Upon a hearing the County

Court directed the executor to file a petition for an order to sell the real estate, subject to the widow's life estate, for the payment of the debts and costs and expenses of administration, including the amount due the widow upon her award. The executor prayed and was allowed an appeal to the Circuit Court, where another hearing was had and a like order was entered, from which the executor prosecutes this further appeal. Before this last appeal was perfected, the widow died, and her administrator was substituted as petitioner in the court below.

In our judgment the executor of Eli Sergent's will is seeking to litigate a matter in which he has no concern, when the party who is interested and who has the right to interpose the defense he has set up is not before the court, and will not be bound by the decision. The will of Eli Sergent appointed Thomas Lane executor, but gave him no interest in the realty, and imposed upon him no duty relating thereto. The testator devised the real estate (which consists of a single lot of land, his former home,) to his daughter, Celinda Lane, or to her children named, if she died before the testator. The evidence seems to show that Mrs. Lane survived her father. She is not a party to this proceeding. She will be a necessary party to the petition to sell real estate which the executor has been ordered to file. The executor admits the widow's award and her election to take in money were approved by the County Court. This constituted a judgment for a claim of the second class. Its allowance bound the personal estate, and bound the executor as to the personal estate, the title to which the law cast upon him in trust for the payment of claims and legacies and costs of administration. The executor could have appealed from that allowance, which bound the property held by him in trust. The allowance is not final, but only *prima facie* valid, as against the real estate and its owner. Marshall v. Rose, 86 Ill. 374; Wood v. Johnson, 13 Ill. App. 548. When Mrs. Lane is brought into court she will have the right to present a defense or not, as she chooses. If she chooses to permit the sale of

the real estate for the payment of the award, the executor has no right to prevent it. He can not defend for her. If the devisee contests the allowance she will not be bound by any construction we may now place upon the contract between the testator and his wife. She may present other and better reasons for holding that contract bars a widow's award, or protects the real estate from being sold for its payment, than those now presented. She may have other defenses to interpose.

Our statute, section 124 of the administration act, which gives the right of appeal to any party who may consider himself aggrieved by an order of the County Court entered in the administration of any estate, does not authorize an appeal from every order entered during the entire administration. To be appealable the order must be one by which the party might have reason to be aggrieved. Mayrand v. Mayrand, 96 Ill. App. 478.

"The appellant must show the interest in the matter litigated which gives him the right to appeal; a grievance in the legal sense exists only when the judgment, order, or decree complained of directly operates upon the property or bears upon his interest." 2 Woerner's American Law of Administration, sections 544, 545; Smith v. Bradstreet, 16 Pick. 264; Deering v. Adams, 34 Me. 41; Bryant v. Ela, 6 N. H. 396; Dickerson's Appeal, 55 Conn. 223; Cecil v. Cecil, 19 Md. 72.

The order directing the executor to file a petition to sell real estate, was not a final order. It determined nothing. Mere interlocutory orders entered in the administration of estates, which decide definitely no matter of right, are not the subject of appeals, unless they affect the merits of the cause and constitute a grievance to the party appealing. (2 Woerner, etc., section 545.) The executor had no right to cast upon the estate the expense of litigating this mere preliminary matter, when the party who could be aggrieved by the order was not before the court. The appeal should not have been asked or allowed.

Propositions of law were presented, and it is urged the rulings of the court upon them were erroneous. This was

not a case in which the parties had a right to present propositions of law. Martin v. Martin, 170 Ill. 18; Coffey v. Coffey, 179 Ill. 283, 290. Therefore they present no question for our consideration.

The order is affirmed.