In re Estate of Carl Bacher, Deceased, Matt Sun-
therker, Appellant, v. Carl Richter, Appellee.

Gen. No. 34,568.

Opinion filed May 13, 1931.

James Percival Pio, for appellant.

No appearance for appellee.

Mr. Justice Hebel delivered the opinion of the court.

This is an appeal by Matt Suntherker, one of the petitioners, from a judgment of the circuit court of Cook county dismissing an appeal by the appellant from an order of the probate court.

The order appealed from after a trial *de novo* in the circuit court is, in part, as follows:

"It is therefore ordered that the petition of Matt Suntherker for the removal of Carl J. Richter, as administrator of the estate of Carl Bacher, deceased, and the petition for the appointment of the said Matt Suntherker as administrator of the estate of Carl Bacher, deceased, in place and stead of Carl J. Richter, be and the same are hereby denied."

It appears that the matter was heard in the probate court and in the circuit court on appeal upon the joint petition of Matt Suntherker and Max Rahnfeld, wherein it appears that Carl Richter had been appointed administrator of the estate of Carl Bacher, deceased, on the petition of Charles J. Bacher, a minor heir of the deceased, and it also appears that the petitioners were creditors of the estate, and that the total sum due to the petitioners was $1,281.50.

In answer to this petition Carl J. Richter, administrator of the estate, admits the minority of Charles J. Bacher, and a claim was made that the deceased was indebted to the Prudential State Savings Bank in the sum of $2,800, and that Carl J. Richter was vice-president of the bank, although it does not appear from the record that the bank joined in the petition. It is denied in the answer that Matt Suntherker is a creditor.

It is contended by the appellant that the appointment of Carl J. Richter as administrator of this estate should have been vacated, for the reason that he was appointed upon the petition of a minor.

The contention of the respondent in the trial court was that the appellant could not complain owing to his having failed to file his claim in the probate court, and that therefore he was not, in the language of the statute, "a person who may consider himself aggrieved" within the meaning of the statute allowing appeals from the probate court. It is conceded that the appellant, Matt Suntherker, did not file his claim in the probate court, but upon the hearing of the petition in this court he offered evidence to prove his claim, and it is so recited in the order of the probate court; and evidence was offered to the same effect upon the trial in the circuit court.

The first question to be considered by this court is, whether the appellant, Matt Suntherker, who failed to file his claim as a creditor in the probate court for adjudication, is a "person aggrieved" within the meaning of the statute allowing appeals from the probate court.

There is an opinion in the Appellate Court in the case of *Wallace v. Chicago & Erie Stove Co.,* 46 Ill. App. 571, which passes upon the question as to the right of an appeal in cases arising out of probate court matters in which orders are entered. The court in its opinion says:

"While, therefore, the literal reading of the statute is that any person who may consider himself aggrieved shall be allowed an appeal, it is manifest that if, in reality, he is not aggrieved, an appeal by him would be dismissed. We are therefore of the opinion that before one can, as a creditor, be allowed an appeal from an order of the probate court, he must have filed a claim as a creditor, and that the appeal prayed by the

Chicago & Erie Stove Company, limited, should, upon what is shown in this record, have been denied.''

The appellant, Matt Suntherker, does not question the rule of the Appellate Court quoted in this opinion, but contends that if he had filed his claim in the probate court, and thereafter filed his petition to remove the administrator for reasons stated in the petition, he would be in an inconsistent position after having recognized Carl Richter as administrator, and would, therefore, be estopped from making complaint. The answer is that the appointment of the administrator is not void, but if anything, is an improper appointment.

The filing of a claim is to present to the probate court facts that would justify an allowance and an adjudication of the claim. Such claimant in such a case would be an aggrieved person if the court in a proceeding for that purpose refused to remove an administrator improperly appointed, and under the statute he would be entitled to an appeal. The claimant would not be estopped, after the claim had been allowed, from calling the attention of the probate court to an improper appointment of an administrator of an estate.

It is contended, however, that a creditor would not be able to file a petition for the appointment of an administrator under the statute where no administrator has been appointed, because it would be impossible to file a claim where no probate court proceeding was pending.

The statute provides for the appointment of an administrator, and where an administrator has not been appointed, a creditor may file his application for appointment as administrator, and the court in a proper case will enter an order to that effect; but after appointment, before an interested person can move to set aside such appointment, it must appear that he has such interest that upon failure of the court to act he is aggrieved and is entitled to the statutory appeal.

In view of the conclusions we have reached in this case, it follows that the order of the circuit court of Cook county will be affirmed.

*Affirmed.*

WILSON, P. J., and FRIEND, J., concur.