*In re* FARWELL'S ESTATE.

1. Courts—Appeal from Probate Court—Confirmation of Sale of Real Estate—Unsuccessful Bidder—Aggrieved Party.

An appeal from order of probate court confirming sale of real estate was properly dismissed by the circuit court where it was taken by an unsuccessful bidder who was not a creditor, heir, or kin of deceased and who failed to raise or alter his bid after report of sale within time permitted by statute, as appellant was not an aggrieved person (Act No. 288, chap. 1, § 36, chap. 9, §§ 24, 25, Pub. Acts 1939).

2. Same—Confirmation of Sale by Probate Court—Dismissal of Appeal by Circuit Court.

Where appeal to circuit court from order of probate court confirming sale of real estate was taken by one who was not an aggrieved person and the appeal was dismissed, remand of case to circuit court upon affirmance is end of the matter and does not permit a reopening thereof for appellant to make another

offer or consider the matter of confirmance as still pending (Act No. 288, chap. 1, § 36, chap. 9, §§ 24, 25, Pub. Acts 1939). Per CARR, SHARPE, BOYLES, and NORTH, JJ.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 4, 1946. (Docket No. 51, Calendar No. 43,336.) Decided September 11, 1946.

In the matter of the estate of Emma J. Farwell, deceased. On petition to confirm sale of real estate to Grosner and Burak. Sale confirmed. Charles H. Gershenson, an unsuccessful bidder, reviews order dismissing appeal to circuit court. Affirmed.

*Lewis Daniels,* for appellant.

*Miller, Canfield, Paddock & Stone,* for trustee Detroit Trust Company.

*Walter Schweikart,* for Grosner and Burak.

REID, J. (*concurring in part*). This is an appeal from an order of the Wayne circuit court dismissing the appeal of Charles H. Gershenson from an order of the probate court confirming a sale of real estate to Grosner and Burak.

The controlling question is: Where an appellant made an offer for property which had been authorized by order of the probate court to be sold by the testamentary trustee at private sale for not less than $500,000, and the appellant offered $150,000 as a cash down payment and offered to sign a land contract for deferred payments of the balance, $365,000, which he claims was the highest offer, which offer was not approved by the probate court, but another offer found by the probate court to be the highest offer was accepted by order of the pro-

bate court, is the appellant an aggrieved person within the meaning of the statute governing appeals from the probate court, Act No. 288, chap. 1, § 36, Pub. Acts 1939, as amended by Acts Nos. 26 and 176, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 16289–1 [36], Stat. Ann. 1943 Rev. § 27.3178 [36]).

Appellant claims that the question of his being a stranger to the proceedings cannot be raised for the first time in this court and that the merits of the case in this matter cannot be considered on a motion to dismiss his appeal. It was necessary for appellant to state the nature of his case in order to explain his grounds for claiming an interest in the property.

The facts are stipulated and are as follows:

"The Detroit Trust Company, as trustee under the will of Emma J. Farwell, deceased, on August 14, 1945, petitioned the probate court for Wayne county for license to sell real estate belonging to the estate. This realty is a Detroit downtown office building and stores known as the Farwell building, located at 1249 Griswold street.

"Notices of hearing on such petition were duly published in accordance with the statutes in such case made and provided, and on September 14, 1945, the matter was heard by probate judge Patrick H. O'Brien. Testimony was then taken of freeholders, real estate experts and others, and after such testimony was taken, an order was entered by the probate judge which granted the Detroit Trust Company a license to sell said property at private sale at a price of not less than $500,000.

"By paragraph 20 of the will of Emma J. Farwell, the residue of her estate was left in trust for the establishment of certain hospitals in the city of Detroit and at the above hearing the beneficiaries thereof, to-wit, the people of Wayne county, were represented, at said hearing and subsequently, by the prosecuting attorney.

"There appeared to be several parties who indicated an interest in the purchase of said property, and the Detroit Trust Company, trustee, in order to guide itself and to secure the highest price obtainable, after conference with the probate judge, suggested that offers for said property be made to it in writing, in sealed envelopes, to be presented and opened by it at 11 a.m., September 24, 1945.

"On said date, the Detroit Trust Company received several of such sealed envelopes, and opened all of them in the presence of all of said prospective purchasers at said time.

"Grosner and Burak offered to purchase said property for the sum of $515,300 under a land contract payable in installments of not less than $18,000 semi-annually, bearing interest at four per cent. on all unpaid sums, all payable within five years, with a down payment of $155,300.

"Charles H. Gershenson, appellant in these proceedings, offered to purchase said property for the sum of $515,000, payable in installments of not less than $3,650 monthly, bearing interest at four and one-half per cent. on all unpaid sums, all payable within five years, with a down payment of $150,000.

"The other bids submitted were concededly below the figures of the above two bids.

"Both of the above-described bidders deposited certified checks in the sum of $10,000 with their bids.

"The trustee, after due consideration of the matter, and after conference with the probate judge, decided to accept the offer of Grosner and Burak, as being the highest price obtainable for the property. On September 25, 1945, the trustee reported the sale of said property to Grosner and Burak, having received an additional deposit of $35,000 from them as an indication of good faith.

"On October 3, 1945, Charles H. Gershenson filed written objections to the report of sale of the property to Grosner and Burak, claiming that his bid, and not theirs, was the highest.

"On October 4, 1945, the matter came on before the Hon. Patrick H. O'Brien, probate judge, upon the application of Detroit Trust Company, trustee, for an order confirming its sale to Grosner and Burak and upon the objections filed to the confirmation by Charles H. Gershenson.

"No objection was raised to said sale in behalf of the people of the county of Wayne, who were duly represented at said hearing by the prosecuting attorney for Wayne county.

"The court adjourned the hearing until October 11, 1945, taking the matter under advisement and on said October 11, 1945, entered an order confirming said sale to the said Grosner and Burak in accordance with the report of sale by the said Detroit Trust Company, trustee.

"Charles H. Gershenson filed an appeal from the order of the said probate court confirming the sale made by said trustee.

"Said Charles H. Gershenson is not a creditor, heir or kin of deceased, or a legatee or devisee under the will. His only connection or interest in said estate is as a bidder for the real estate of said estate as above outlined.

"Said Charles H. Gershenson at no time raised or altered his bid as herein set forth at any state [stage?] of the proceedings.

"The Detroit Trust Company filed a motion to dismiss the appeal and after hearing thereon, the Hon. Theodore J. Richter, circuit judge, filed an opinion and entered an order thereon, dated January 4, 1946, dismissing said appeal."

The appellee Detroit Trust Company, trustee under the will of deceased, claims that appellant is not a "person aggrieved" within the meaning of Act No. 288, chap. 1, § 36, Pub. Acts 1939.

Appellant claims that although his offer is $300 under the offer of Grosner and Burak, yet that the

higher rate of interest would make his (appellant's) offer the higher offer.

Trustee appellee claims that the whole sum offered by either offerer could be paid at the first interest due date, and that the rate of interest in each offer is high enough to make it possible and feasible to obtain a loan at a lower rate than that mentioned in each offer, with the result that the accepted offer of Grosner and Burak would yield appellee the most money. The circuit court considered appellant not a person aggrieved within the meaning of Act No. 288, chap. 1, § 36, Pub. Acts 1939, and dismissed the appeal.

The statute requires confirmation by the probate court before the sale is deemed complete. Act No. 288, chap. 9, § 24, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–9 [24], Stat. Ann. 1943 Rev. § 27.3178 [484]).

The trustee still had the right after report of the sale to Grosner and Burak to report an offer 10 per cent. higher, if any such offer had been received within 8 days, unless the court under the statute allowed a shorter time. Act No. 288, chap. 9, § 25, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–9 [25], Stat. Ann. 1943 Rev. § 27.3178 [485]).

Appellant acquired no vested rights prior to confirmation. *Schultz* v. *Kent Probate Judge,* 313 Mich. 323.

Appellant claims the property and not an interest in the estate.

The probate judge was vested with discretionary power as to the acceptance or rejection of appellant's offer and is not shown to have abused that discretion. Obviously the question of appellant's not being a proper party appellant could not be raised in the probate court for a final determination in that forum.

The order of the circuit court dismissing the appeal is affirmed and the matter should be remanded to circuit court to be by that court remanded to probate court provided, however, that if appellant shall, within 8 days after date of remand to probate court, make an offer found approvable by the probate court of $566,830 (which is 10 per cent. greater than the principal offer of Grosner and Burak of $515,300) as the purchase price, and if such offer shall be found approvable by the probate court in the absence of a still higher offer, the matter of private sale shall be considered as pending in the probate court which shall in that case in its discretion approve of a sale to any offerer found to be the highest offerer. Costs to appellee.

BUTZEL, C. J. I concur in remanding the case for purposes stated in the opinion.

BUSHNELL, J., concurred with BUTZEL, C. J.

BOYLES, J. I agree with Mr. Justice REID in affirming the order of the circuit court dismissing Mr. Gershenson's appeal from probate court. However, when the case is remanded affirming the dismissal of the appeal, that is the end of the matter. There is no authority for entering any further order, either here or in the circuit court, setting aside the order confirming sale and granting Mr. Gershenson further time to make another offer for the property, or directing the probate court to consider the matter of confirming the sale still pending. Mr. Justice REID would, in effect, set aside the order confirming sale, and reopen the matter in probate court. This would be granting Mr. Gershenson's appeal and granting him relief accordingly, quite the opposite to dismissing his appeal.

An order will be entered here affirming the order of the circuit court dismissing the appeal from the order of the probate court confirming the sale of real estate, with costs to appellees.

CARR, SHARPE, and NORTH, JJ., concurred with BOYLES, J. STARR, J., took no part in the decision of this case.