*In re* BLEAKLEY'S ESTATE.

STOCKMEYER *v.* BLEAKLEY.

1. ESTATES OF DECEDENTS—SALES—REAL ESTATE—CONFIRMATION— JURISDICTION—PROBATE COURT.

   The sale of real property of a decedent's estate, until confirmed, remains fully under the jurisdiction of the probate court (CL 1948, § 709.24 *et seq.*).

2. COURTS—PROBATE COURT—UNCONFIRMED SALE—APPEAL BY CONTEMPLATED PURCHASER.

   The contemplated purchaser at an unconfirmed sale of real estate, owned by the estate of a decedent, has no right to appeal from an order denying confirmation of the sale as he is a stranger to the estate and has no vested rights therein (CL 1948, § 709.24 *et seq.*).

3. ESTATES OF DECEDENTS—SALES—REAL ESTATE—CONFIRMATION— DISCRETION OF COURT.

   Receipt of a bid 10% higher than that of contemplated purchaser in fiduciary's report of sale of real estate constitutes a good reason for probate court to exercise its discretion and deny confirmation (CL 1948, § 709.24 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur, Executors and Administrators § 633.
[2] 31 Am Jur, Judicial Sales § 112.
[3, 4] 31 Am Jur, Judicial Sales §§ 127, 238.

4. SAME—REAL ESTATE—CONFIRMATION OF SALE—RECEIPT OF HIGHER BID.

> Order of circuit court dismissing contemplated purchaser's appeal from order denying confirmation of executor's report of sale to him of 140-acre farm for $72,000 was proper, where, before hearing on confirmation was concluded, the executor was in receipt of a written bid for $85,000 (CL 1948, § 709.24 et seq.).

Appeal from Oakland; Doty (Frank L.), J. Submitted January 9, 1953. (Docket No. 51, Calendar No. 45,695.) Decided March 10, 1953.

In the matter of the estate of Lizzie Bleakley, deceased. Norman Stockmeyer, trustee, appealed to circuit court from order of probate court refusing to confirm sale of real estate to him. Appeal dismissed. Plaintiff appeals. Affirmed.

*Daniel Hodgman,* for plaintiff.

*Patterson & Patterson,* for defendant estate.

BUTZEL, J. John W. Bleakley, executor of the estate of Lizzie Bleakley, deceased, defendant and appellee herein, for some time had made futile efforts to sell a 140-acre tract of land situated at the intersection of the 13-mile road and Stephenson highway in the township of Royal Oak, Oakland county, Michigan. It is not very far distant from the city of Detroit. It had been purchased by the estate at foreclosure sale many years ago for $36,000 and taxes or approximately $40,000. There was an increase in value because of the development of the surrounding area and, as the probate judge stated, the value of the property had been steadily increasing for a year or so. The very fact that the bids for the property exceeded $500 an acre indicates its value.

Early in 1950 the executor refused a bid of $40,000, then of $50,000 for the property. He was asking $65,000 for it. On March 5, 1951, he was authorized to sell the property at private sale for $72,000. On March 24, 1950, he filed a report of the sale of the property to Norman Stockmeyer, trustee, the plaintiff and appellant herein, for $73,000, and prayed that the sale be confirmed. As the eighth day after the filing of the report was an election day, the nearest day the hearing on the petition on confirmation could be set was April 3, 1950, at which time there was a hearing on the petition for confirmation in the probate court for Oakland county. The executor not only reported the proposed sale for $73,000, but also stated that he was in receipt of a higher bid of $75,900, but not in proper form or with deposit. The probate judge listened to the arguments, the attorney for plaintiff insisting that it was the court's duty to confirm the bid; while the attorney for the estate claimed otherwise. The case was adjourned until April 5, 1951, when before the court session for the day was over a number of other bids including a written one for $85,000 and accompanied by a deposit of $10,000 was received. This bid was an increase of more than 18% over plaintiff's bid which never was confirmed, the contract of sale distinctly stating, as the law provided,* that it was subject to confirmation by the probate court. The probate court did not confirm a sale to any bidder but ordered a public sale at auction of the property. Plaintiff thereupon appealed to the circuit court. He alleged with much force his right to appeal and to his bargain as evidenced by the contract of sale, notwithstanding the fact the contract of sale referred to confirmation by the probate court. The circuit court on granting a motion to dismiss held that plain-

---

*.CL 1948, § 709.24 *et seq.* (Stat-Ann 1943 Rev § 27.3178[484] *et seq.*).—REPORTER.

tiff had no right to appeal as he had no vested rights incident to the sale, and that the probate judge did not act unfairly or abuse his discretion, but did act for the best interests of the estate.

The plaintiff has appealed to this Court from the ·order of dismissal. Notwithstanding a most careful and thorough analysis of the statutes by plaintiff, we agree with the circuit court in affirming the action ·of the probate court. CL 1948, § 701.36 (Stat Ann 1943 Rev § 27.3178[36]), provides:

"Sec. 36. In all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, decree or denial of the judge of probate, may .appeal therefrom to the circuit court for the same ·county, by filing a notice thereof with the judge of probate, within 20 days from the date of the order, ·sentence or denial appealed from, giving the reason for such appeal, together with such bond as is re-·quired in section 39 of this chapter."

In *Schultz* v. *Kent Probate Judge*, 313 Mich 323, we stated:

"It should be noted that this order only authorized :a sale by the administratrix 'subject to later confirmation by this court;' and also that the administratrix's acceptance of plaintiff's written offer to purchase was 'subject to approval and authority from Kent county probate court in the matter of ·the estate of Otto Thum, deceased.' Hence, it would seem almost too clear for argument that no one could ·obtain vested rights incident to the contemplated probate court sale until such time as the administratrix reported the sale to the probate court and obtained confirmation thereof."

To same effect see *In re Farwell's Estate*, 315 Mich .526. The sale of the property, until confirmed, re-·mained fully under the jurisdiction of the probate ·court. It has been always so considered, notwith-

standing plaintiff's fears that judicial sales may be made more difficult if the executor is not bound by the sale under similar circumstances. We do not share his fears. If it results as in this case in an increased offer of 18% by another bid and this is prior to the confirmation, it is all for the benefit of the estate. In any event, the contemplated purchaser at an unconfirmed sale has not the right to appeal. He is a stranger to the estate and has no vested rights therein. He contends that as there was no showing that a 10% higher bid had been received when on April 3, 1951, the report of the sale was considered, the court had no alternative except to confirm the sale, especially when no objections had been filed. We believe the correct rule of law is stated in Moore's Michigan Probate Law and Practice, § 187, as follows:

"Sometimes a bid less than 10% greater than the reported sale is received before the expiration of the 8-day period, and sometimes the order confirming sale is not entered promptly at the expiration of the 8-day period and a higher bid is received in the meantime.

"The matter is always open until the confirmation order is actually entered for the court may find that the bid reported is 'disproportionate to the value of the property sold,' this being a discretionary finding and a higher bid being fairly good reason for such finding. At all events such finding would be conducive to the statutory purpose of obtaining the largest return to the estate."

This is further stated on pages 56 and 57 of the 1949 pocket supplement* to the same book, following the decision *In re Farwell's Estate, supra,* as follows:

"This leaves it still in doubt whether the increased bid of 10% must be made within the 8-day precon-

---

* 1952 supplement, pp 51, 52.—REPORTER.

firmation period. The statute actually states that the order of confirmation shall not be made, 'until at least 8 days after filing such report.' * * *

"So, the statute does not state that the increased bid must be made within the 8-day period, and as a matter of practice the hearing on confirmation will always be held at least 9 days or more after the report of sale.

"Thus it would seem that if the unsuccessful bidder in the Farwell estate case had actually tendered a 10% higher bid at any time prior to confirmation the court would have been required to vacate such reported sale and direct another to be had; or the court might in its discretion have received a report in writing from the fiduciary of the subsequent bid."

The order of the circuit court dismissing plaintiff's appeal is affirmed, with costs to defendant.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.