In re ESTATE OF HERBERT HARMSTON, Deceased—(MELVIN R. STEEN et al., Defendants-Appellants, v. RODERICK J. LUTHER, Admr. of the Estate of Herbert Harmston, Deceased, Plaintiff-Appellee.)

(No. 72-173;

Third District—February 23, 1973.

*Rehearing denied March 21, 1973.*

STOUDER, P. J., specially concurring.

Louis E. Olivero, of Peru, for appellants.

Louis J. Peron, of Spring Valley, James J. Duncan, of Peru, and Edwin B. Jones III, of Princeton, all for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order or orders entered by the Circuit Court of Bureau County denying a petition of the administrator of the estate of Herbert Harmston, deceased, with respect to the sale of certain portions of real estate to appellants, Melvin R. Steen and Linda D. Steen and, also, directing that the real estate be sold to another person, one of decedent's heirs.

The Steens contend that the circuit court failed to follow the provisions of the Probate Act relating to sales of decedent's real estate. They request that the court reverse the order denying the administrator's petition to sell real estate to them. They also request that upon such reversal, the proceedings be remanded to the circuit court with directions that the real estate be sold to the Steens, or, in the alternative, that the proceedings be remanded with directions that the property be sold, if at all, in accordance with the relevant provisions of the Probate Act, Ill. Rev. Stat. 1969, ch. 3, secs. 220 *et seq.*

Pertinent matters in the record relating to the question before this court, disclose that decedent Herbert Harmston, a resident of Bureau County, died intestate in August of 1970. He left surviving eight daughters and two sons as his only heirs, all of whom were made parties to the proceedings seeking sale of the real estate in question. The administrator's petition for sale of the subject real estate to the Steens, recites that the Steens and a predecessor administrator, since removed prior to the filing of the petition had entered into an agreement for warranty deed whereby the property was to be sold to the Steens for the sum of $7515, and that the Steens paid $500 as a preliminary payment on a contemplated sale. The agreement for warranty deed, attached to the petition as an exhibit, specifically provides that "this agreement is subject to approval by the circuit court, probate division, of Bureau County, Illinois."

A hearing was had on the administrator's petition, upon due notice, at which time one of the decedent's heirs, Mary Klopcic, offered in open court, to purchase the subject real estate for $8100. The court then requested the appellants, the Steens, who were also present at the hearing, if they wanted to increase their offer to purchase, and when such invitation was declined, the court ordered that the administrator's petition for sale to the Steens be denied and that their downpayment be returned, and further ordered that the property be sold to Mary Klopcic for $8100. The Steens filed a motion to vacate such order which was ultimately denied. Thereafter, the Steens filed their notice of appeal from the circuit court's order denying their motion to vacate. While the hearing on the Steen's motion to vacate was pending, the administrator filed a petition seeking approval of the sale to Mary Klopcic. On the same day the court denied the Steen motion to vacate the order directing the sale, the sale to Mary Klopcic was approved by the court.

■■ It is clear that the trial court properly refused to confirm the sale to the Steens and that as a result of such refusal the Steens had no further status to object to the court orders entered in the circuit court. As a consequence, the orders of the circuit court of Bureau County should clearly be affirmed. Because of the circumstances arising in this case, we feel that an analysis of the status of the Steens as appellants in this case is appropriate even though affirmative of the order of the court is clearly required.

■■■ We particularly note that the Steens are the only persons seeking to appeal from the orders of the court referred to. We note, also, that the only parties to the petition for sale to the Steens were the administrator of all of decedent's heirs, as apparently the only persons claiming any interest in the subject real estate. (See: Ill. Rev. Stat. 1969,

ch. 3, sec. 230.) Although the standing of the Steens to prosecute this appeal has not been questioned in the briefs before us, we believe that unless the Steens could rightfully be considered "aggrieved" by the order from which they seek to appeal, they must be deemed to have no such standing. While the language of section 329 of the Probate Act (Ill. Rev. Stat. 1969, ch. 3, sec. 329) purports to allow appeals from final orders of the circuit court entered in probate by any person who "considers himself aggrieved" thereby, such language has heretofore been construed as allowing appeals from such orders only by those who have been aggrieved in reality by the order in question. (*Suntherker v. Richter*, 261 Ill.App. 547, 549; *Wallace v. Chicago & Erie Stove Co.*, 46 Ill.App. 571, 575; See also dicta in *Lane v. Thorn*, 103 Ill.App. 215, 218, and *Mayrand v. Mayrand*, 96 Ill.App. 478, 480.) Typically in the *Suntherker* case referred to it was held that an alleged creditor of an estate who had not filed a claim in the administration proceedings could not properly appeal from an order entered therein refusing to remove an administrator. The Supreme Court of this State has expressly stated that a person is prejudiced or aggrieved in the legal sense when a legal right is invaded by an act or order complained of or his pecuniary interest is directly affected by the order in question. "Aggrieved" means having a substantial grievance; a denial of some personal or property right. (*American Surety Co. v. Jones*, 384 Ill. 222, 229; *Glos v. People*, 259 Ill. 332, 340.) Although we have been directed to no Illinois authority, nor have we found any specifically holding that a prospective purchaser of a decedent's real estate named in a petition for sale thereof, may not appeal, as a person "aggrieved", from an order denying such petition, it has been held by courts of other states that unaccepted bidders at judicial sales do not have sufficient juridical interest in the subject property which would allow them to appeal from orders relating to the sale or contemplated sale. (*In re Farawell's Estate*, 315 Mich. 526, 24 N.W.2d 91; *Dean v. Clapp*, 221 Iowa 1270, 268 N.W. 56; *Harduval v. Merchants' & Mechanics' Trust & Savings Bank*, 204 Ala. 187, 86 So. 52.) See also: *Spangelo v. Northern Dakota Ry.*, 276 Fed. 26, where it was held that after sale by a special master and disapproval of the sale by the court on the ground that the bid was inadequate, the unsuccessful bidder was not a party and could not properly appeal from the order of disapproval.

██ On the basis of the record, therefore, the Steens are, in legal contemplation, merely unaccepted bidders for the subject real estate since their proposed agreement for warranty deed was made expressly subject to the approval of the court, as it would have been had there been no such recital in the agreement. It is clear that until such time

as the contemplated sale was approved by the court, the Steens could have acquired no vested rights in the subject real estate. (See section 229 of the Probate Act, requiring that the petition to sell real estate have attached thereto the "proposed" contract for sale. Ill. Rev. Stat. 1969, ch. 3, sec. 229.) It is also apparent that even if the circuit court's order were reversed in this cause we would be unable to order the property sold to the Steens. The circuit court is under a duty to exercise its discretion in these matters and if the property is to be sold by an estate it is incumbent upon the court to insure that the terms of the sale are those which are most advantageous to the beneficiaries, and perhaps to creditors, of the estate. On the basis of the record, therefore, we do not believe that the Steens were "aggrieved" as required by the Probate Act so as to vest in them a right to appeal from the order in question. If a motion to dismiss the appeal had been made we believe it would have been appropriate to grant such motion. Under the circumstances, however, it is clear that the orders of the circuit court of Bureau County should be and are affirmed.

Affirmed.

DIXON, J., concurs.

Mr. PRESIDING JUSTICE STOUDER specially concurring:

I agree with the result reached by the majority of the court to the extent that they affirm the judgment of the trial court on its merits. I disagree with the majority's holding that appellant lacks standing to appeal the judgment of the trial court and if such holding be regarded as the rule in this case then consistently the appeal should have been dismissed rather than judgment affirmed. Where a court is requested to approve a proposed sale initiated by or on behalf of an officer of the court the issue is presented as to whether the transaction is in accord with established legal principles. Where, as in this case, the administrator is seeking the approval of a proposed private sale the court must determine whether such proposed sale is for the best interest of the estate i.e. is the price reasonable under the circumstances. Where a private sale is proposed the reasonableness of the price is the principal issue, taking into account of course the due diligence of the officer of the court in securing offers. Consequently if at such hearing the court learns that a higher price can be obtained for the property the court is justified in concluding that the proposed private sale is not for a reasonable price price and not in the best interests of the estate. That the appellant may have been asked concerning his intentions regarding a higher price for the property does not convert the proceeding into a courtroom auction

as claimed by appellant but is germaine to the issue before the court namely the reasonableness of the price offiered by the proposed buyer. Consequently I believe the court's action in disapproving the sale to appellant and ordering a resale is in accord with the evidence.

The major thrust of the majority opinion is that appellant lacks status to seek a review of the trial court's judgment because he is not "aggrieved" by such judgment. This issue was not raised in the briefs of the parties nor does it appear to have been raised in any prior Illinois case. Concededly this court may raise issues not called to our attention by the parties but it seems to me that this should be done only where there are clear compelling reasons for considering the issue. I find no compelling reasons for considering this issue on our own initiative particularly because an appellant situated as is the one in this case, has been considered without question to have status to seek review of a trial judgment since at least 1854 when *Reynolds v. Wilson*, 15 Ill. 394, was decided. Even though I doubt the wisdom or necessity of raising this issue on our own initiative, it is my further conclusion that the position taken by the majority is unwise and is not supported by the persuasive analogies of cases of this State or of other states.

As a matter of legislative construction the existence for more than one hundred years of the right of an unsuccessful offeror or bidder to seek judicial review without any change or limitation by the legislature is a substantial reason for concluding there is nothing legally doubtful about appellant's status. I shall mention only a few older cases in which the trial court's judgment disapproving a judicial sale was considered on its merits pursuant to review instituted by the unsuccessful buyer. (See *Reynolds v. Wilson* (1854), 15 Ill. 394; *Jennings v. Dunphy* (1898), 174 Ill. 86, 50 N.E. 1045; *Quick v. Collins* (1902), 197 Ill. 394; 64 N.E. 288 and *McCallum v. Chi. Title & Trust Co.* (1903), 203 Ill. 142, 67 N.E. 823.) In each of the foregoing cases the trial court's action in disapproving the sale was affirmed, the standing of the appellant to maintain the appeal not being raised.

A master's sale pursuant to a partition decree was involved in *Quigley v. Breckenridge* (1899), 180 Ill. 627, 54 N.E. 580. The trial court refused to approve the master's report of the sale and the bidder appealed this time unsuccessfully. On appeal the Supreme Court concluded there was no evidence of fraud, of an agreement to chill the bidding at the auction sale or of any improper conduct involved in the sale procedure. Of more significance to the issue involved in this case is the Court's observation that "At any rate, mere inadequacy of price * * * will not justify a court in setting aside the sale, so as to deprive the vendee of the benefit of his purchase, unless such inadequacy amounts to evidence of fraud.

Here there was not such inadequacy as to amount to proof of fraud. Public policy requires that there should be stability in judicial sales, and that they should not be disturbed for slight causes; otherwise, property cannot be expected to bring its value at such sales. * * * Giving our full adherence to the doctrine that a court of chancery has large discretion in the matter of these sales, and that the sale is in itself incomplete until it is confirmed, and confers no right in the land upon the purchaser, we are yet of the opinion that, upon this record, the sale set aside by the court below was fair, and should have been allowed to stand." To the same effect is *Evans v. Hunold,* 393 Ill. 195, 65 N.E.2d 173.

If the proposed purchaser is entitled to the benefit of his bargain unless contrary to some principle of law, then the judgment of a trial court disapproving the sale deprives him of a direct substantial advantage or benefit. In discussing judicial sales which require court approval before they can be considered consummated the analogy has often been suggested that the court is a vendor and the proposed purchaser is an offeror. Based on such analogy it is then suggested that until and unless the offer is accepted (approved) by the court the offeror has no interest in the land and no enforceable contract. While this analogy may be helpful in discussing some aspects of judicial sales, the analogy is not literally true and there are substantial and important differences between a judicial sale and a non judicial sale. The court is not the owner of the land as is the usual vendor and the court in considering whether a sale should be approved is exercising a judicial discretion and not the personal discretion which an individual owner or offeree may exercise in the conduct of his personal affairs. Whether or not the proposed purchaser has an interest in the land or a binding contract before the court is requested to approve the sale does not excuse the court from exercising its judicial discretion, that is the court must act reasonably, fairly and on the basis of evidence presented in open court. (*Ryerson v. Apland,* 378 Ill. 472, 38 N.E.2d 712). If the court in the view of the proposed purchaser acts arbitrarily, unreasonably or contrary to the evidence or to law the action of the trial court is and should be subject to review on appeal.

The two principal cases relied upon by the majority (*Suntherker v. Richter,* 261 Ill.App. 547 and *Wallace v. Chicago & Erie Stove Co.,* 46 Ill.App. 571), as tending to support their holding, are in my judgment more appropriately supportive of the position I am taking. In each of the cases a purported creditor of an estate whose claim had not been filed was held not to be aggrieved by judgments refusing to set aside the appointment of an administrator or determining the propriety of an in-

ventory. The gist of these decisions is that since the purported creditors had not filed their claims they were not entitled to participate in the assets of the estate and hence the reversal of the trial court judgment could be of no benefit to them. If the reasoning of the foregoing cases is applied to the facts of this case for the reasons urged by the majority we would reach the curious result that if the judgment of the trial court was reversed and the sale approved such contrary judgment could be of no benefit to the purposed purchaser. Such a conclusion is untenable because approval of the sale would be of direct benefit to the appellant.

The cases from other jurisdictions which the majority has cited in support of their holding are not persuasive to me. Each of the cases in varying degree relies on the mechanical application of the rule discussed earlier in this opinion that a proposed purchaser has no right in the land until the sale has been approved. As I have already observed I neither believe that the rule supports the result nor do I believe it to be an adequate reason for refusing judicial review.

In summary I believe the appellant has standing to maintain this appeal and I disagree with the holding of the majority to the contrary whether the rule announced be considered the rule of the case or dicta. Otherwise I would affirm the judgment of the trial court because I believe no error was committed.