SCHULTZ v. KENT PROBATE JUDGE.*

1. COURTS—PROBATE COURTS—JURISDICTION—SALE OF REALTY IN ES-
TATES OF DECEDENTS. •
   In mandamus proceeding by offeror to purchase real estate from
   a nonresident decedent's estate to compel probate judge to
   vacate an order setting aside former order to sell so far as
   it pertained to the particular sale to plaintiff, it is assumed
   for the purpose of decision of the case that the probate court
   had jurisdiction to enter the original order authorizing the sale
   of the real estate subject to later confirmation by the court
   (Act No. 288, chap. 9, § 15 et seq., Pub. Acts 1939, as amended
   by Act No: 176, Pub. Acts 1941).

2. ESTATES OF DECEDENTS—SUBSEQUENT OFFERS AS TO REALTY—DIS-
CRETION OF COURT—REVOCATION OF LICENSE TO SELL.
   Where it appears that after plaintiff's offer for parcel of real
   estate belonging to the estate of a nonresident decedent and
   entry of order for sale, the administratrix received offers there-
   for in excess of 10 per cent. of plaintiff's bid, exclusive of the
   expense of a new sale, the probate judge was justified in exer-
   cising his discretion in setting aside the order of sale relating
   thereto whereby the administratrix was licensed to sell the
   property to plaintiff subject to later confirmation; plaintiff
   not having acquired vested rights prior to confirmation (Act
   No. 288, chap. 9, § 29, Pub. Acts 1939).

3. COURTS—PROBATE COURTS—VACATION OF FORMER ORDER TO SELL˙
REALTY IN ESTATE OF DECEDENT—JURISDICTION.
   The probate court had jurisdiction to enter an order vacating
   a former order for sale of real estate of a nonresident de-
   cedent's estate where petition to vacate such former order was
   filed less than three months after entry of the earlier order
   (Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by
   Act No. 26, Pub. Acts 1941).

* See Schultz v. Carlson, post, 432.—REPORTER.

4. ESTATES OF DECEDENTS—VACATION OF FORMER ORDER TO SELL
   REALTY—DUTIES OF ADMINISTRATRIX—PROCEDURE.

> Where within three months after entry of an order to sell real
> estate in a nonresident decedent's estate to plaintiff subject
> to later confirmation the administratrix received offers to sell
> such realty at a price in excess of 10 per cent. more than plain-
> tiff's offer, it was permissible for her to present such informa-
> tion to probate judge and petition to vacate former order, his
> reconsideration thereof then became necessary and his order
> to show cause why it should not be vacated was proper pro-
> cedure (Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended
> by Act No. 26, Pub. Acts 1941; chap. 9, § 15 *et seq.*, as
> amended by Act No. 176, Pub. Acts 1941; chap. 9, § 29).

Appeal from Kent; Verdier (Leonard D.), J.
Submitted October 3, 1945. (Calendar No. 43,073.)
Decided January 7, 1946.

Mandamus by Arthur E. Schultz against
Joseph R. Gillard, Kent Probate Judge, to compel
vacation of an order setting aside a former order
relative to the sale of real estate. Writ granted.
Defendant appeals. Reversed.

*Searl & White,* for plaintiff.

*Fuller, Sherk & Dilley,* for defendant.

NORTH, J. This is a mandamus proceeding by
which it is sought to compel the probate judge to
vacate an order made in the estate of Otto Thum,
deceased. The relief sought was granted in the cir-
cuit court. The probate judge has appealed.

Thum, a resident of California, died in November,
1943, leaving a will admitted to probate in Cali-
fornia in December, 1943. He also had a substantial
estate, consisting of both real and personal prop-
erty, in Michigan. Probate proceedings were in-
stituted in the Kent county probate court wherein
Edna Elliott was appointed administratrix. After

she had qualified she received an offer in writing from plaintiff Schultz of $21,000 for a parcel of real estate in Grand Rapids. The administratrix signed an acceptance of plaintiff's offer in the following terms: "The above proposition is hereby accepted subject to approval and authority from Kent County Probate Court in the matter of the Estate of Otto Thum, Deceased." Thereupon, with the consent of Marion I. Carlson, the only heir of the Thum estate, the administratrix petitioned Kent county probate court for authority to sell on the basis of the offer. After hearing, an order was entered on June 30, 1944, authorizing such sale, subject to confirmation, and requiring the administratrix to give a $20,000 bond.* The bond was provided, but nothing further was done in the matter of selling the property to plaintiff.

At the time the above proceedings were taken in the probate court the administratrix had no other offer for the property. Subsequently she received an offer of $23,500, and still later from a third party an offer of $24,500 was received. Thereupon the probate court on September 12, 1944, upon a report of the administratrix disclosing the subsequent offers, issued an order to show cause to each of the three would-be purchasers as to why the probate court's former order authorizing the sale to plaintiff should not be set aside. In his answer to the order to show cause plaintiff set up that on the day prior to the probate court's order to show cause he had filed a suit in chancery in the circuit court of Kent county wherein he sought specific performance of the sale of the property to him, and set forth that he had obtained an injunction from the circuit court restraining the administratrix from

---

* See Act No. 288, chap. 9, § 15 *et seq.*, Pub. Acts 1939, as amended by Act No. 176, Pub. Acts 1941 (Comp. Laws Supp. 1940, 1945, § 16289–9[15] *et seq.*, Stat. Ann. 1943 Rev. § 27.3178[475] *et seq.*).— Reporter.

taking any further proceedings in the probate court other than to sell the property to plaintiff. The hearing on the order to show cause resulted in the probate court entering an order vacating his former order in "so far as the same pertains to the particular sale of said property to said" Schultz. This order was dated by the probate judge December 29, 1944.

Before starting the mandamus proceeding now before us, Schultz took an appeal from the above order to the circuit court and that appeal is still pending. On January 20, 1945, Schultz applied to the circuit court of Kent county for mandamus to compel the probate judge to vacate the order dated December 29, 1944, *i. e.*, the order vacating the former order for a sale to Schultz for $21,000. After hearing, mandamus was issued as prayed. The present matter is the appeal of the probate judge as defendant in the mandamus proceedings from the judgment of the circuit court granting the writ. The order, which by the writ the probate judge was commanded to vacate, reads:

"Now therefore, it is hereby ordered and adjudged that the license to sell real estate heretofore issued by this court on June 30, 1944, be and the same is hereby vacated and voided so far as the same pertains to the particular sale of said property to said original bidder, Arthur E. Schultz, Grand Rapids, Michigan, for $21,000."

The substance of the probate court's order issued June 30, 1944, which order was vacated by the foregoing order, was that the administratrix was authorized, empowered and licensed to sell to plaintiff herein the real estate in question for $21,000 "subject to later confirmation by this Court of said administrator's report of sale, as required by law."

Among appellant's contentions are the following: (1) that the circuit court, in granting mandamus, er-

roneously deprived the probate judge of his statutory power to set aside his former order; (2) that the order of the probate judge, setting aside his former order, is not subject to review by mandamus, because it was a lawful exercise of discretion and subject to review on appeal; (3) that the probate court in setting aside its earlier order was proceeding in a manner in which it had exclusive original jurisdiction; and (4) the decree in the circuit-court specific-performance suit by plaintiff herein against the heir and the administratrix, did not deprive the probate court of power to act.

Because no question is raised in that particular, we may assume for the purpose of decision herein that the probate court had jurisdiction to enter its original order for the sale of this real estate. It should be noted that this order only authorized a sale by the administratrix "subject to later confirmation by this Court;" and also that the administratrix's acceptance of plaintiff's written offer to purchase was "subject to approval and authority from Kent County Probate Court in the matter of the Estate of Otto Thum, Deceased." Hence, it would seem almost too clear for argument that no one could obtain vested rights incident to the contemplated probate court sale until such time as the administratrix reported the sale to the probate court and obtained confirmation thereof. On the hearing of the probate court's order to show cause why its order of June 30, 1944, should not be vacated, the court found there were outstanding debts and other financial obligations of the estate such as the State's claim for intangible taxes and inheritance taxes and the Federal government's claim for estate taxes. And, it appears without controversy that subsequent to plaintiff's offer to purchase the real estate the administratrix received other offers therefor which in amount were more than 10 per cent. in excess of

plaintiff's offer. See Act No. 288, chap. 9, § 29, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-9 [29], Stat. Ann. 1943 Rev. § 27.3178 [489]), which directs a resale by the probate court in the event of the receipt of a bona fide offer exceeding 10 per cent. of the previous bid, exclusive of expense of a new sale, et cetera. Surely the circumstances noted were such as to justify the probate judge in the exercise of his discretion in setting aside his order of June 30, 1944, whereby the administratrix was licensed to sell the property to plaintiff "subject to later confirmation."

The petition in the probate court incident to which the order to show cause why the court should not vacate the order it had made June 30, 1944, was filed September 5, 1944. This was within three months after the court had made the initial order, June 30, 1944. The power of a probate judge to set aside a former order is granted by express statutory provision which reads:

"To that end he (judge of probate) may, upon the filing in said court of a petition therein, within 3 months of the original hearing, or of the rendering or making of any order, sentence or decree, as the case may be, and after due notice to all parties interested, grant rehearings, and may modify and set aside orders, sentences and decrees rendered in such court." Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 16289-1 [19], Stat. Ann. 1943 Rev. § 27.3178 [19]).

We think it clear the probate judge had jurisdiction to vacate the order he had made June 30, 1944; and it follows that the circuit judge was in error in issuing mandamus to compel the probate court to vacate his order dated December 29, 1944, whereby the order entered by the probate judge June 30, 1944, had been vacated.

In arriving at the above conclusion we are mindful appellee contends that the petition incident to which the probate judge issued the order to show cause was not sufficient to justify rehearing of the subject matter involved in the probate court's order of June 30, 1944, and that in any event the administratrix, because she had no financial interest in the sale of the property, was not a proper party to present such petition to the probate court. We are not in accord with appellee's contentions in the respects just noted. Surely it was in accord with the proper discharge of the duties of the administratrix for her to advise the probate court of the receipt of higher offers for this parcel of real estate which constituted a part of the Thum estate, and under the statute (Act No. 288, chap. 9, § 29, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289–9 (29), Stat. Ann. 1943 Rev. § 27.3178 (489)]) it thereupon became the duty of the probate judge to determine whether the sale should proceed in accord with plaintiff's offer. The prayer of the petition by the administratrix necessitated reconsideration of the probate court's former order of June 30, 1944. The procedure adopted by the probate court in issuing an order to show cause was proper; and the presentation of her petition to the court by the administratrix was permissible because it pertained to the proper discharge of her duties as administratrix.

Other questions presented by the briefs are not such as would alter our decision herein, and therefore are not reviewed. The judgment entered in the circuit court is reversed, with costs of both courts to appellant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. STARR, J., did not sit.