Herman J. Schachtrup, Appellee, v. Ethel L. Hensel, Administratrix of Estate of Frank J. Potter, Deceased, Appellant. C. O. Tuttle, Defendant.

Gen. No. 9,299.

304

Opinion filed April 28, 1938.

VICTOR P. MICHEL, of Peoria, for appellant.

E. T. O'CONNOR, JOHN F. DOUGHERTY and THOMAS S. HESSION, JR., all of Peoria, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Herman J. Schachtrup, started suit in the circuit court of Peoria county against Ethel L. Hensel, administratrix of the estate of Frank J. Potter, deceased, and C. O. Tuttle, for personal injuries which he sustained through a collision occurring between the car of Frank J. Potter (in which the plaintiff, Herman Schachtrup, was riding as a guest) and the car driven by C. O. Tuttle. The first count of the petition charges that Herman J. Schachtrup was the guest and invitee of the defendant's intestate, and that Frank J. Potter,

defendant's intestate, unlawfully, wilfully, and wantonly propelled and operated his automobile as to exhibit a total disregard for the life or limb, or property of himself and others; that by and through the wilful and wanton conduct of said defendant's intestate, Frank J. Potter, his automobile was driven off the northerly lane of the highway, and into and upon the southern lane of said highway, and into and against the other defendant's (C. O. Tuttle) automobile, striking it with great force and violence in a head-on collision; and on account of such wilful and wanton misconduct, the plaintiff was injured and damaged to the extent of $20,000.

The second count charges the defendant, C. O. Tuttle, with general negligence in operating his automobile at a greater rate of speed than was lawful, and because of such negligence, his said car struck the car of the defendant's intestate, Frank J. Potter, in which the plaintiff was then and there riding as a guest, and said plaintiff was injured and damaged thereby.

The third count alleges general negligence against the defendant's intestate, Frank J. Potter, and C. O. Tuttle, and in addition charges wilful and wanton conduct on the part of the defendant's intestate, Frank J. Potter, and also alleges that through the joint negligence of C. O. Tuttle, and the wilful and wanton misconduct of Frank J. Potter, deceased, the said defendants jointly and severally caused the automobiles owned and operated by them to crash with great force and violence, one upon the other in a head-on collision, causing the plaintiff to suffer permanent injuries and damage, etc.

The fourth count alleges that the defendant's intestate, Frank J. Potter, was engaged in the business of selling farm property and other real estate; that he used his said automobile in the course of his business for the purpose of transporting prospective purchasers

to his various properties which he had for sale. It also alleges that the defendant's intestate, Frank J. Potter, was transporting the plaintiff to a place in the vicinity of Brimfield, Illinois, for the benefit of the defendant's intestate, Frank J. Potter, deceased, in the course of his business in selling real estate; that the plaintiff, Herman J. Schachtrup, was the customer and business invitee of the defendant's intestate, Frank J. Potter, deceased. The count then charges the said Frank J. Potter, deceased, with general negligence in the operation of his automobile, causing the damage to the plaintiff.

The fifth count charges the plaintiff was the passenger and business invitee of the defendant's intestate, Frank J. Potter; that the defendant, C. O. Tuttle, was operating his automobile at a rate of speed in excess of 45 miles per hour, in violation of the statute. It charges the defendant's intestate, Frank J. Potter, and the other defendant, C. O. Tuttle with negligence in the operation of his automobile, and as a result of the negligent acts of the defendant's intestate, Frank J. Potter, and the other defendant, C. O. Tuttle, the two automobiles operated by them collided with great force and violence, one upon the other, causing the plaintiff to suffer permanent injuries, etc., to the amount of $20,000.

The abstract does not show that the defendant filed any answer to this complaint, but an examination of the record discloses that the defendant, Ethel L. Hensel, the executrix of the estate of Frank J. Potter, deceased, filed an answer denying the allegations of the plaintiff in counts one to five, inclusive, in the complaint. The record also discloses that C. O. Tuttle filed an answer admitting some of the allegations of the complaint and denying others, but the substance of his answers is not material to the issues in the case as now presented to this court for review.

The case was submitted to a jury and at the close of the plaintiff's evidence, Ethel Hensel, executrix of the estate of Frank J. Potter, deceased, and C. O. Tuttle, each filed a motion to have the court instruct the jury to find each of the defendants not guilty. The court sustained the motion of the defendant, C. O. Tuttle, and instructed the jury to find him not guilty. This the jury did, and the defendant, Tuttle, was dismissed from this suit. The court sustained the motion of the defendant, Ethel Hensel, as to the fourth and fifth counts of the complaint, but overruled her motion as to the first, second, and third counts of the complaint.

The defendant introduced no evidence, but offered the following motion: "Now comes Ethel L. Hensel, Administratrix of the Estate of Frank J. Potter, deceased, by her Attorney, Victor P. Michel, at the close of all the Plaintiff's evidence, and moves the Court to instruct the jury to find the Defendant, Ethel L. Hensel, Administratrix of the Estate of Frank J. Potter, deceased, not guilty, and in support of said motion, the Defendant assigns the following reasons: First: The Plaintiff has failed under the evidence on his behalf to establish any legal liability on the part of the Defendant as charged in the complaint. Second: Evidence offered by the Plaintiff clearly shows that Plaintiff was a guest of the defendant, Frank J. Potter, at the time of the accident complained of. Third: Other reasons.

"The Defendant herewith tenders an instruction in conformity with said Motion, and requests the Court to give said instruction to the Jury. ETHEL L. HENSEL, Administratrix of the Estate of Frank J. Potter, deceased, By VICTOR P. MICHEL, Her Attorney."

This motion was sustained as to count four and five of said complaint, and overruled as to the other three counts. The jury found the issues in favor of the plaintiff and assessed his damages at $7,500. Subse-

quent motions were made for a new trial and for judgment, notwithstanding the verdict of the jury, but the court overruled both of said motions, and entered judgment for $7,500 in favor of the plaintiff. It is from this judgment this appeal is prosecuted.

The evidence in the case shows that on April 16, 1936, Frank J. Potter, defendant's intestate, was a real estate broker in the city of Peoria; that Herman J. Schachtrup conducted a barber shop and barber college in said city of Peoria, and was actively engaged in his work as a barber; that prior thereto, Schachtrup had been engaged in farming and was familiar with the quality and value of farmland and had appraised farmlands for said Frank J. Potter; that on April 6, 1936, at about 4:00 o'clock p. m., Frank J. Potter came to Herman J. Schachtrup's place of business in his car and asked Schachtrup to go with him to appraise a farm in the vicinity of Brimfield, Illinois. Schachtrup said that he was too busy and did not want to go. There was some conversation between Potter and Schachtrup in which Potter said he would pay Schachtrup well for his trouble, or words to that effect. Then Schachtrup agreed to go. Following this conversation, Potter and Schachtrup got into a model "A" Ford coach that belonged to the said Potter, and started away, both sitting in the front seat of the car, with Potter on the left side doing the driving and Schachtrup sitting at his right. They proceeded in a westerly direction on U. S. Route 150 in the vicinity of Kickapoo, Illinois, which is between the city of Peoria and the town of Brimfield. Route 150 is a hard surfaced road paved with concrete. As Potter and Schachtrup were proceeding in a westerly direction on the north side of the said pavement, they were overtaken by a man named Russell Moon, driving a Chevrolet car. The Potter car followed behind the Moon car, for a distance of about one-fourth or one-half mile. A short distance

west of Kickapoo, Russell Moon saw a farm wagon loaded with straw several hundred feet ahead of him, traveling in a westerly direction on the north side of the hard road, and at the same time he saw a car coming from the opposite direction on the left, or south side of the hard road. When he first saw it the car was approximately one-quarter of a mile west of the wagon loaded with hay or straw; that he stayed about 300 feet back of the farm wagon; that the approaching car proved to be the one that was driven by the defendant C. O. Tuttle; that when the Tuttle car was just even with the Moon car the defendant's intestate, Frank J. Potter, who was driving his car behind the Moon car, sounded his horn, turned his car to the left and crossed to the left or south side of the pavement, directly in front of the Tuttle car, which was coming at a rapid rate of speed directly toward the Potter car; that the Potter car was on the left, or south side of the pavement; that there was a terrific crash in which both cars were practically demolished and Schachtrup received the injuries for which he is claiming damage; that C. O. Tuttle was injured, and Frank J. Potter received injuries from which he later died. There was evidence tending to show that Tuttle said that he was driving at approximately 50 miles per hour just prior to the time the accident occurred. Other witnesses testified that there were skid marks back of the Tuttle car from 15 to 20 feet in length.

The witness Sedekum testified that four or five days after the accident he went to the hospital to shave Mr. Potter; that while he was shaving Potter, Potter asked how Herman was, and the witness replied that he was getting along pretty good. Potter then said to "Tell Herman not to worry. I will stand all of the expenses."

It is first insisted that the court erred in directing a verdict in favor of the defendant C. O. Tuttle, and by

so doing the defendant Ethel L. Hensel as such administratrix was prejudiced thereby. Under the evidence in this case we do not see how a verdict against C. O. Tuttle could possibly stand, as there is no evidence in the record which connected him with any negligence that was the approximate cause of the injury. He was driving on the right-hand side of the road where he had a right to expect he had the right-of-way. The road was level and there was nothing to hinder anyone from seeing him coming down on his side of the road.

Witness Moon testified that he saw him a distance of a quarter of a mile in the right lane of traffic coming in an easterly direction. The only evidence that could be considered as showing any negligence on the part of Tuttle, would be the isolated statement that somebody heard him say that he was traveling about 50 miles an hour. It is common knowledge that drivers of cars on a straight paved road with an unobstructed view drive approximately 50 miles an hour and many who drive in excess of that rate of speed are considered careful drivers. Whether or not the court erred in dismissing the suit against C. O. Tuttle is immaterial. The only person who could raise this error is the plaintiff and he has not complained of the action of the court in dismissing the suit against Tuttle. The case of the defendant Ethel L. Hensel, administratrix, is in no way prejudiced by the court dismissing the suit against the defendant Tuttle.

The appellant, in her argument says, that the court erred in admitting testimony of witnesses as to what transpired between Frank J. Potter and Herman J. Schachtrup in the barber shop. She states in the printed brief that said testimony was admitted over her objection, and it appears on pages 18 and 20 of the abstract. We find no objection to this testimony in the abstract. A part of the printed rules, under the title "Abstracts," of this court, is as follows: "The

Abstract must be sufficient to present fully every error relied upon, and will be taken to be correct and sufficient for a full understanding of every question presented for decision, unless the opposite party shall file further abstracts making other necessary corrections or additions." So far as the record discloses in this case, this testimony was admitted without objection, so the appellant is not in a position to urge this error. However, it is our opinion if there had been an objection to this testimony, it was properly admitted. This is evidence tending to show the relationship between Schachtrup and Potter, and why Schachtrup was riding with Potter at the time the collision occurred.

It is further insisted that the evidence of what occurred at the barber shop confused the jury on the other issues and the court erred in not striking the same from the record and instructing the jury to disregard it so far as the evidence related to the first, second, and third counts of the complaint. It was not the duty of the court on his own motion to strike any evidence from the record. Neither the plaintiff nor the defendant asked to have it stricken. We see no merit in this contention of the appellant.

It is claimed that the court erred in giving the instruction for the plaintiff. The appellant has not seen fit to argue this assignment of error, so we do not pass upon the sufficiency of the given instructions.

It is also contended that the evidence shows that the plaintiff and defendant's intestate were engaged in a joint enterprise, and therefore, the plaintiff was not entitled to recovery. The question then arises—do the facts in this case show that the plaintiff and defendant's intestate at the time in question were engaged in a joint enterprise? The principal case cited by the appellant as supporting this proposition is entitled, *Grubb v. Illinois Terminal Co.*, 366 Ill. 330. In the *Grubb* case, three sisters were riding in a car owned

by one of them and being driven by the owner. Their destination was the city of Springfield. The evidence in that case shows that the three sisters joined in the payment for the gasoline and the expense of the trip, and that they were going to Springfield for the purpose of getting material to decorate their home, the cost of which was to be borne by each of the three sisters, and under these conditions the court held that this was a joint enterprise. In the present case, the defendant's intestate, Frank J. Potter, was taking the plaintiff to appraise farm land; the plaintiff had no interest in the automobile, the expenses of the trip, or the farm, but was going for a definite purpose at the request of Potter. It is our conclusion that the evidence falls far short of showing that the plaintiff and defendant's intestate were engaged in a joint enterprise.

It is next insisted by the appellant that the evidence does not show that the defendant's intestate, Potter, was guilty of wilful and wanton misconduct which was the proximate cause of the injuries to plaintiff. Our courts have frequently held that any attempt to define with any degree of certainty, the difference of ''ordinary negligence'' or ''gross negligence,'' or ''wilful and wanton misconduct,'' would be futile if not virtually impossible. Whether an act is ''wilful and wanton'' depends upon the particular circumstances of each case. (*Barmann v. McConachie*, 289 Ill. App. 196, 6 N. E. (2d) 918; *Bernier v. Illinois Central R. Co.*, 296 Ill. 464, 129 N. E. 747.) Whether a personal injury has been inflicted by the wilful or wanton misconduct of another is a question to be determined by the jury, if there is evidence in the record tending to support such allegations. (*Streeter v. Humrichouse*, 357 Ill. 234, 191 N. E. 684; *Illinois Central R. Co. v. Leiner*, 202 Ill. 624, 67 N. E. 398.)

The first count of the complaint charges the defendant's intestate with unlawfully, wilfully, and wantonly driving his automobile etc., and running at a high rate of speed, exhibiting a total disregard for the life, limb, or property of himself or others. Paragraph five of the third count of the complaint charges that the defendant's intestate unlawfully and wilfully and wantonly propelled and operated his automobile so as to exhibit a total disregard for the life or limb or the property of himself and others, and by such wilful and wanton misconduct the defendant's intestate, Frank J. Potter, drove his automobile off the northern lane of said concrete highway into and upon the southern lane of the said highway, and into the path of the other automobile driven by the defendant, C. O. Tuttle.

From an examination of this record, it seems to us that the evidence sustains the charge of wilful and wanton misconduct on the part of the defendant's intestate in attempting to pass the car ahead of him without first looking and observing the approaching car in the other lane of traffic, and in driving his car directly into the car coming from the opposite direction, which was traveling in its proper traffic lane. The statute of our State expressly prohibits a person from passing any car unless he can clearly see that the traffic approaching from the other direction is far enough away so that he can pass the car or cross ahead and turn back into his proper lane of traffic before coming within 100 feet of the vehicle approaching from the opposite direction.

We find no reversible error in this case. The judgment of the circuit court of Peoria county is hereby affirmed.

*Judgment affirmed.*