Glen Koch, a Minor, by Vernon Koch, His Next Friend, and Vernon Koch, Plaintiffs-Appellees, v. Edward Lemmerman, and Carl Lemmerman, Defendants-Appellants.

Term No. 56–M–2.

Fourth District.

October 8, 1956.

Released for publication February 4, 1957.

Schuwerk & Schuwerk, of Chester, and Francis R. Wiley, of Decatur, for defendants-appellants.

William E. Berry, and Paul H. Nehrt, both of Chester, for plaintiffs-appellees.

JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Randolph County on the verdict of a jury for $10,000 in favor of Glen Koch, a minor, and $2,000 in favor of Vernon Koch, his father and next friend. The judgment was recovered for personal injuries sustained by Glen Koch while he was riding as a guest passenger in an automobile driven by defendant Edward Lemmerman and owned by Carl Lemmerman.

The amended complaint consists of two counts, in one count of which wilful and wanton operation of the

automobile by Edward Lemmerman, a minor, and the failure of his father, the other defendant, to direct and control the driving of the car, is the basis of the action. In such count recovery is sought for injury sustained by the minor. In the other count, the father of the minor seeks to recover for money expended for hospital and doctor bills by reason of the injuries to his son.

It is the contention of defendants on appeal in this Court that with all reasonable inferences therefrom, the evidence fails to show any wilful and wanton conduct on part of defendants, or either of them; and that, therefore, their motions for directed verdicts should have been allowed. It is also contended that in any event the verdict of the jury is contrary to the manifest weight of the evidence. Defendants also contend on appeal that the Trial Court improperly refused to withdraw certain subparagraphs of the amended complaint which charged wilful and wanton conduct in passing into the left lane when the lane was not free of oncoming traffic for a sufficient distance ahead to permit this to be done with safety; and for failure to keep a proper lookout ahead for oncoming traffic. It is also contended that the Court improperly refused a certain instruction on part of defendants and erroneously gave certain instructions on part of plaintiff. It is the further contention that under no circumstances can the father of defendant be held liable on the verdicts returned as against defendants.

Plaintiff contends that the amended complaint states a cause of action and that there is ample evidence in the record to sustain each of the charges of wilful and wanton conduct, and that the record is free from error in other respects as contended by defendants.

The record shows that the minor plaintiff was then seventeen years of age, and the minor defendant was then eighteen years of age, and were fellow students in school. On the morning in question the defendant

minor, Edward Lemmerman, determined to drive to the town of Sparta to register for the Draft Board, and asked the plaintiff minor to go along. The father of the defendant minor also a defendant, decided to go along with the boys. He was the owner of the car and permitted his son to have free use of it at all times. On the return from Sparta, the two boys were seated in the front seat, with Edward Lemmerman driving, and the father in the rear seat. The plaintiff minor was seated in the front seat facing the driver and partially turned to watch the defendant, Carl Lemmerman, in the rear seat. The automobile was then being driven on a paved state route at approximately fifty to fifty five miles per hour. Both defendants were familiar with the road. As a truck ahead of the car in which the parties were riding, was slowing down and signalling to make a left turn at an intersection, another truck was approaching from the south in the opposite traffic lane. It had been raining that morning and was misty. The pavement was damp, the shoulders were wet, and the concrete was also slippery. There was evidence that the car in which the parties were riding was coming along at a substantial rate of speed and that just before the collision the defendant, Carl Lemmerman, the father, cautioned his son about the pickup truck in front of him, telling him to "watch it." There was some evidence that the minor defendant took his foot off the accelerator at the time the truck in front of him came to a stop, reduced his speed, and applied his brakes. As he did so, his automobile skidded sideways into the other lane and was hit immediately by the concrete truck.

There was a conflict of evidence as to exactly what happened but it is the plaintiff's contention that defendants failed to have their car under control; and to keep a proper lookout as they approached the intersection; and that the wilful and wanton nature of the

misconduct resulted from the fact that it was a straight, open, two-lane highway, where defendants could see for half a mile, and if they had kept a proper lookout ahead they knew they would have been required to slow down or stop prior to reaching the intersection behind the truck or pass in the left lane, which could not be done with safety because of the approach of the concrete truck.

■ It is apparent that under the record there was evidence upon which a jury could determine that defendants were guilty of wilful and wanton misconduct, in, (1) failing to keep a proper lookout in front of the automobile; (2) traveling at an excessive speed at the particular place and under the circumstances; or (3) attempting to pass into the left lane.

■ Wilful or wanton misconduct in causing an injury may consist of a failure to discover the danger from recklessness or carelessness where it could have been discovered by exercise of ordinary care (Trennert v. Coe, 4 Ill.App.2d 166, 175; Schneiderman v. Interstate Transit Lines, Inc., 394 Ill. 569, 583). That was the theory set forth in the amended complaint and the theory upon which the case was tried.

■ Under the record there was sufficient evidence to make a prima facie case of wilful and wanton misconduct against defendants in favor of the minor plaintiff (Chapman v. B. & O. R. Co., 340 Ill. App. 475, 501; Schachtrup v. Hensel, 295 Ill. App. 303, 309–315). The father of the defendant minor, owner of the car, who was riding with him not only had the right to possession under the facts in the record, but also retained the power and right of controlling the manner in which it was driven, which would involve a duty to control the driver (Palmer v. Miller, 380 Ill. 256, 260; Kitch v. Adkins, 346 Ill. App. 342, 345).

■ On the record before us in this Court we cannot conclude that the verdict was against the manifest

weight of the evidence. A Court on appeal will not substitute its judgment for that of the jury where the evidence is conflicting as in the record before us (Schneiderman v. Interstate Transit Lines, Inc., supra; Chapman v. B. & O. R. Co., supra). The Trial Court is normally in better position to pass on the weight of the evidence since such Court has an opportunity to see the witnesses and observe their conduct and demeanor upon the witness-stand.

■ There were a number of objections made on the ground of the giving of certain instructions on behalf of the plaintiffs, and failure to give one instruction on part of defendant. All of the instructions taken together and viewed in the light of the evidence correctly stated the law and did not confuse or mislead the jury with respect to principles of law applicable to the issues. Such minor irregularities as may appear in such series of instructions are not grounds for reversal (Palmer v. Miller, supra; Kavanaugh v. Washburn, 320 Ill. App. 250, 255). There was no reversible error in view of the fact that a reading of all of the instructions as a series shows that the right of defendants could not in any manner have been prejudiced by the giving of such instructions (Kavanaugh v. Washburn, supra).

■ The refusal of an instruction tendered by defendants, which sought to tell the jury in substance that there could be no recovery unless the skidding was caused by negligence of defendants, was proper in view of the fact that there were other questions before the jury such as speed and passing in the left lane; and in view of the further fact that the jury was instructed as to all general issues, and singling out one fact in evidence, as attempted in the particular instruction, would have been misleading to the jury. The instruction sought to have been given would have been directory and harmful for that reason alone. It

242

is therefore our conclusion that there is no reversible error in the giving or refusal of instructions in this cause.

The judgments entered in this cause by the Circuit Court of Randolph County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, P. J. and BARDENS, J., concur.