Edward F. Healy, Plaintiff-Appellee, v. Charles
C. Nordhous, Defendant-Appellant.

Gen. No. 48,806.

First District, Second Division.

January 29, 1963.

Leon B. Andre and William J. Gentle, of Chicago (Patricia E. Mullin, of counsel), for appellant.

Reiff and Whalen, of Chicago, for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court:

This is an action to recover damages for personal injuries alleged to have been sustained in a collision between plaintiff's and defendant's automobiles on February 15, 1960. The complaint alleged that the collision was the result of the negligent operation of defendant's automobile. The defendant denied this

allegation and further denied that at the time and place of the accident in question plaintiff was exercising ordinary care for his own safety.

The accident occurred on the Central Avenue exit ramp of the Congress Expressway. There were no passengers in either car, no known eyewitnesses and the police were not called. The testimony of each of the litigants is in direct conflict as to the manner in which the accident occurred. Plaintiff claims that the defendant's automobile struck the rear of his car as he was stopped on the ramp waiting for the traffic ahead to move. The defendant testified that immediately prior to the collision the plaintiff's car had passed the defendant's car and then abruptly cut in ahead of the defendant to get into the same lane of traffic, at which time the defendant immediately applied his brakes but was unable to prevent the contact between the left front of his car and the right rear of plaintiff's car.

The trial court, sitting without a jury, resolved this conflicting testimony in favor of the plaintiff and awarded damages in the amount of $3,000. It is from this judgment that the present appeal is taken.

██ ██ Defendant's primary argument in support of his prayer for a reversal is his contention that the evidence shows contributory negligence on the part of the plaintiff. We need scarcely mention that unless the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence, it is always a question of fact, the determination of which an appellate court is powerless to reverse. Bunton v. Illinois Cent. R. Co., 15 Ill App2d 311, 146 NE2d 218; Thomas v. Buchanan, 357 Ill 270, 192 NE 215. In the case at bar the issue of due care and lack of contributory negligence was fully considered by the court acting in its capacity as the trier of fact and resolved in favor of the plaintiff. The defendant's sole argument

in favor of his proposition that there was contributory negligence as a matter of law lies in the fact that the property damage occurred to the left front of his automobile and the right rear of plaintiff's automobile. This, he contends, conclusively establishes the validity of his account of the accident. We are not persuaded by this argument. When a collision is imminent, there is a natural tendency to avoid a direct contact. It is not unreasonable to suppose, in the case at bar, that the defendant swerved to his right during the moment before the impact to avoid such a direct contact. Nevertheless, in view of the nature of the conflicting testimony and the fact that the trial court was in a position to observe the demeanor of the litigants, we are unable to make any finding of contributory negligence as a matter of law.

■ Defendant also contends that the trial court's denial of his motion for a continuance to permit him to investigate the extent and area of the repairs made to plaintiff's automobile constituted prejudicial and reversible error. He has alleged that the name and address of the garage which made the repairs was not disclosed to him until the day before the trial and that it was important for him to obtain such information for the purpose of demonstrating to the court the point of impact between the two cars. We fail to see how a denial of this motion could be prejudicial in view of the fact that there has never been any controversy concerning the point of impact. It is undisputed that the damage occurred to the left front of defendant's automobile and the right rear of plaintiff's automobile. The evidence becomes conflicting only in respect to how the accident occurred and the defendant has not alleged that an examination of the plaintiff's automobile would shed any light on this dispute.

■ Defendant also contends that the trial court's denial of his motion for a continuance so that his medical expert could appear constituted prejudicial

and reversible error. However, he has cited no abstract or record page number on which such motion has been recorded and after searching the abstract and the record we are at a loss to find any reference to such a motion.

██ He also contends that the admission of certain testimony by the plaintiff's physician, over his objection, constituted prejudicial and reversible error.

The testimony in question concerned the following question asked of the physician by the attorney for the plaintiff:

> "Doctor, do you have an opinion, based upon a reasonable degree of medical certainty, as to whether or not there could or may be a causal connection between the condition that you have described with reference to Mr. Healy, that is, the whiplash injury of the neck and the headaches and trauma occurring on February 15, 1961?"

Defendant objected to this question on the ground that it sought to elicit pure speculation. This objection was properly overruled. As stated in Kimbrough v. Chicago City Ry. Co., 272 Ill 71, at page 77, 111 NE 499:

> "A physician . . . may be asked whether or not a given condition or malady of a person may or could . . . be caused by the facts stated in the hypothetical question, but he should not be asked whether such facts did cause . . . such condition or malady."

In response to this question and to several questions subsequently asked, it appears that the physician's answers were unresponsive and perhaps even invaded the province of the trier of fact. However, none of those responses were objected to at that time. Any objections which could have been made at that time and are now being made in the Appellate Court

for the first time, have been waived. Schachtrup v. Hensel, 295 Ill App 303, 14 NE2d 897; Spelina v. Sporry, 279 Ill App 376.

■ Defendant also contends that the trial court committed prejudicial and reversible error by striking all testimony regarding a subsequent rear end collision involving the plaintiff which occurred nearly five months after the collision in question. However, a search of the record indicates that a motion to strike such testimony was made by counsel for the plaintiff but never ruled on by the court and therefore the striking of such testimony never actually occurred.

■ Defendant's final contention is that, in view of the fact that the only item of medical expense which was specifically set forth in the record was the $75 paid to the plaintiff's physician, damages in the amount of $3,000 are palpably excessive.

The Illinois courts have long maintained the proposition that damages, if they are to be considered excessive must be so palpably excessive as to indicate passion and prejudice on the part of the trial court. Eizerman v. Behn, 9 Ill App2d 263, 132 NE2d 788; Smith v. Illinois Cent. R. Co., 343 Ill App 593, 99 NE2d 717.

In the case at bar, plaintiff suffered a whiplash injury, resulting in, among other things, severe headaches and a stiffness in the back. He was fluoroscoped, given diathermy treatments and massages and was instructed to supplement these treatments at home with an infra-red light. Under these circumstances the award does not appear to have been excessive and we are not persuaded that the trial court was influenced by passion and prejudice when rendering the judgment in the amount of $3,000.

The judgment is therefore affirmed.

Affirmed.

BURKE and FRIEND, JJ., concur.