Francis W. Flanagan, et al., Plaintiffs-Appellees, v. Justin Hulman, as Commissioner of Savings and Loan Associations of Illinois, Defendants-Appellee,

Consolidated with

Justin Hulman, as Commissioner of Savings and Loan Associations of the State of Illinois, Plaintiff-Appellee, v. Marshall Savings and Loan Association, Defendant-Appellee,

Consolidated with

Marshall Savings and Loan Association, Plaintiff-Appellee, v. John R. Henson, et al., Defendants-Appellees, LaSalle National Bank, Trustee Under Trust No. 32572, Rodney Griffiths and Richard L. Byrnes, Appellants.

Gen. No. 54,723.

First District, Fourth Division.

March 11, 1970.

Russell Topper, of Chicago, for appellants.

Thomas R. Mulroy, Robert Patterson, Michael E. Phenner, Barnabas F. Sears, and Gerald M. Sheridan, Jr., of Chicago, for appellees.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

The LaSalle National Bank, Trustee under Trust No. 32572, Rodney Griffiths, and Richard L. Byrnes, objectors below, appeal the order of the Circuit Court denying them leave to file a Motion to Vacate the Consent Decree entered in consolidated causes 65 CH 456, 65 CH 1875 and 65 CH 3955.

Certain appellees have moved in this court for entry of an order dismissing the appeal of the aforementioned objectors.

The consolidated causes represented a financial institution custody case (65 CH 456), a liquidation case (65 CH 1875), and an interim receiver case (65 CH 3955), all in relation to the management and disposition of assets of Marshall Savings and Loan Association.

On October 8, 1969, all parties to the three causes filed a joint petition in the Circuit Court praying that: (1) the cases be consolidated pursuant to section 51 of the Illinois Civil Practice Act; (2) the cases, as consolidated, be treated as a class action pursuant to section 52.1 of the Illinois Civil Practice Act and (3) the Uninsured Depositors and Minority Shareholders of Marshall be notified that the principal parties in the consolidated causes proposed to dismiss the cases pursuant to a Settlement Agreement * entered into on August 28, 1969, and ratified by members of Marshall on September 30, 1969, by a vote of 1,508,004 to 18 and that until November 10, 1969, written objections could be filed with the Clerk of the Circuit Court. The trial court issued an order in conformity with the requests of the petition.

On November 10, 1969, appellants filed a written objection to the consolidated proceedings praying that the

---

* The parties to the agreement include:

(1) The Federal Savings and Loan Insurance Corporation (F.S.L.I.C.) which had paid over $84,000,000 in insurance to depositors of Marshall as of July 31, 1969; (2) the Commissioner of Savings and Loan Associations of the State of Illinois (Commissioner); (3) all the present directors of Marshall; (4) National American Life Insurance Company (National American), the owner of 643,071 of the 725,000 permanent reserve shares in Marshall; (5) and the officers and directors of the Uninsured Depositors Committee of Marshall.

In outline, the agreement provided that on dismissal of the Marshall litigation the F.S.L.I.C. will pay:

(1) the full face value of all uninsured deposits evidenced by certificates of interest amounting to over $2,800,000 and involving a large number of depositors; (2) $670,000 to National American for its 643,071 permanent reserve shares in Marshall; and (3) the par value of $1 per share to the remaining permanent reserve shareholders. The agreement specifically provides that no attorneys fees shall be paid by the Uninsured Depositors or minority permanent reserve sharesholders. In addition, it was agreed that all assets of Marshall be conveyed to F.S.L.I.C., subject to F.S.L.I.C. assuming all liabilities of Marshall.

proposed settlement be denied approval and that a full trial upon the issues of custody and receivership be had. The objection alleged that LaSalle, as trustee, was the owner of a certain piece of realty consisting of 112 town houses obtained from Marshall via a written sales contract dated August 31, 1964; that on March 28, 1966, Donald D. Swope, acting as Marshall's receiver, gave notice that the sales contract was unilaterally repudiated; that in September, 1966, Swope filed a declaratory judgment action seeking to have the sales contract declared void; and that the objectors counterclaimed therein for unlawful repudiation of a valid contract and are now seeking to amend their answer in that cause to raise issues concerning the legality of the appointment and office of Swope as Marshall's receiver and seizure by the Director of Financial Institutions of the State of Illinois. The objection further alleged unlawful acts by public officials in relation to the custody and receivership of Marshall and a public interest in the full determination of the issues presented in the consolidated causes.

On November 17, 1969, the trial court entered an order dismissing the above objection on the grounds that the objectors were not members of the classes authorized by the order of October 8, 1969, to file objections and that they had no other independent standing. On November 20, 1969, the court entered the Consent Decree dismissing the consolidated causes and implementing the Settlement Agreement, after the F.S.L.I.C. filed (and the court approved) its obligation to assume Marshall's liabilities.

On December 22, 1969, the objectors moved to file a Motion to Vacate the Consent Decree alleging in substance the same matter as the original written objection and further alleging that on December 12, 1969 the objectors, as respondents in cause No. 66 CH 5498, Swope v. Griffiths, et al., were denied leave to file an amend-

ment to their answer which would have raised the alleged wrongful acts of the custody and receivership of Marshall and were, therefore, precluded trial on these issues. The motion further alleged an impairment of creditors rights by the Settlement Agreement and prayed for an order to vacate.

The trial court denied the motion for leave to file the Motion to Vacate on the ground that the movants had no capacity or standing, since they were not parties and had not sought to become parties by intervention or otherwise. Movants appealed from the Consent Decree below and certain appellees have moved for entry of an order dismissing the appeal.

OPINION

The issues, as succinctly stated in objectors' Memorandum in Opposition to Emergency Motion to Dismiss Appeal, is whether, "being nonparties, they have such interest in the judgment as to be prejudiced by it or benefited by its reversal."

Objectors contend that the nature of their interest in the judgment is as claimants to $2,000,000 in their counterclaim against Donald D. Swope, Marshall's receiver, and as owners and possessors of the town house realty sought by Swope to be listed as an asset of Marshall. They further contend that this interest is prejudiced by the Consent Decree since it forecloses a determination of the issue of the validity of the appointment of receivers of Marshall which bears directly on their right to retain ownership and possession of the town house realty. They further argue that since their amended answer in Swope v. Griffiths, et al., No. 66 CH 5498, which would have raised the issue of validity of the receiver's appointment, was disallowed, a failure in the present cause to determine the issue constitutes a final bar to adjudication of it.

The objectors also contend that a reversal of the Consent Decree would benefit them by allowing a judicial determination of the legality of the receiver's appointment which in turn bears directly on their property rights. A reversal, they say, would also retain continued judicial supervision of the assets pending the outcome of the litigation which would insure protection of their superior rights as creditors against the stockholders.

█ The applicable standard for determination of whether nonparties have standing on appeal is whether they have a direct, immediate and substantial interest in the subject matter, which would be prejudiced by the judgment or benefited by its reversal. City of Alton v. County Court, 16 Ill2d 23, 156 NE2d 531 (1959); Upper Lakes Shipping, Ltd. v. Seafarers' International Union of Canada, 40 Ill App2d 392, 189 NE2d 753 (1963).

█ The objectors have failed to show the requisite interest in the present suit. The contention that the Consent Decree is a final bar to adjudication of the legality of the appointment of Swope as receiver is not correct, since appellants, not being parties to it, are not bound by it.

█ Likewise, the objectors would not be benefited by a reversal of the judgment. The contention that continued judicial supervision will provide greater protection of their rights as alleged creditors overlooks the fact that the F.S.L.I.C., an agency of the U. S. Government, Marshall's successor in interest which now will be liable for all liabilities, has much greater financial resources which will be available to claimants of Marshall.

This appeal is therefore dismissed.

Appeal dismissed.

DRUCKER and ENGLISH, JJ., concur.