McDonald's Corporation, Assignee and Successor to Franchise Realty Corporation, Plaintiff-Appellee and Cross-Appellant, v. Peter P. Blotnik et al., Defendants-Appellants, Cross-Appellees, Counterdefendants and Counterplaintiffs.—(Robert A. Hennessy et al., Defendants-Appellees, Counterplaintiffs, Counterdefendants and Cross-Appellees.)

(No. 74-263;

Third District—May 29, 1975.

Louis R. Bertani, of Joliet, for appellant Peter P. Blotnik.

McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, of Joliet (Ralph Murphy and Theodore Jarz, of counsel), for appellee McDonald's Corp.

Murphy, Timm, Lennon & Spesia, of Joliet, for appellee Robert A. Hennessy.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendants, Peter, Virginia and Frank J. Blotnik (hereinafter sometimes called "Blotniks"), as lessors, on July 25, 1956, executed a 20-year lease with Franchise Realty Corporation, as lessee, to premises on West Jefferson Street in Joliet. The lease term was to commence upon completion of construction. Lessee paid lessor at the time this lease was delivered a security deposit of $9000 refundable at the expiration of 10 years under a covenant of the lease reading as follows:

> "6. Lessee has concurrently herewith deposited with the Lessor the amount of $9000, the receipt of which is hereby acknowledged. Said deposit is made to guarantee the faithful performance of the obligations of the Lessee hereunder and shall be surrendered to the Lessee at the end of the 10th year of this lease provided that the Lessee shall not then be in default hereunder."

Thereafter, according to the amended complaint, lessee assigned all of its right, title and interest in the lease to plaintiff, McDonald's Corporation, with whom it merged. Later, on July 16, 1963, Blotniks, pursuant to a trade agreement dated July 1, 1963, conveyed the leased premises by warranty deed to defendants, Robert A. and James P. Hennessy, and assigned to them also, by separate instrument, all their "right, title and interest" in the foregoing lease. This right of assignment was permitted by paragraph 26 of the lease which provided:

> "26. It is further expressly agreed and understood that *all the covenants* and agreements herein made, *shall* extend to and *be binding upon* the heirs, devisees, executors, administrators, successors in interest, and *assigns of the Lessor,* and of the Lessee * * *." (Emphasis added.)

The Blotniks retained the security deposit. Plaintiff thereafter made rent payments to the Hennessys and did not default. In 1966, Hennessys executed an amendatory agreement with plaintiff extending the lease term for 7 additional days to January 1, 1977, and as "hereby amended," ratified and confirmed the original lease. Although this agreement was made on July 20, 1966, no specific mention was made in it of the security deposit. After the expiration of 10 years from the commencement of the lease, plaintiff made demand for return of its security deposit against all defendants and all refused, whereupon plaintiff filed suit in alternative counts. The first count of the amended complaint is against the Blotniks and pleads their receipt of plaintiff's security deposit under paragraph 6 of the lease and the obligation thereof to return the same; the second count is against the Hennessys, and alleges their obligation under para-

graph 26 of the lease as assignees of lessor. The defendants answered, each pleading affirmatively, matters tending to show that the other defendants in interest were solely liable. Defendants, Blotniks and Hennessys, then counterclaimed against each other for indemnification, costs and attorney fees. Thereafter, all parties filed a motion for summary judgment on each claim to which he was a party, except that counterclaimants did not file on the counterclaim of their adversaries. Each motion alleged the absence of any material issue of fact, and the briefs of the parties submitted in support of their respective motions concede the foregoing material facts, except the unimportant matter of whether plaintiff merged with its assignor. On November 15, 1973, the death of defendant, James P. Hennessy, was suggested to the court, whereupon Edward Hennessy, as administrator of decedent's estate, was substituted in his stead. On May 22, 1974, the circuit court, adopting the statement of facts set forth in the briefs, entered summary judgment in the amount of $12,341.33 ($9000 plus statutory interest of $3341.33 from November 28, 1967) in favor of plaintiff and against Blotniks, and entered final orders dismissing plaintiff's complaint against Hennessys and both counterclaims, all with prejudice. It did so upon the grounds that the covenants of the lease imposing the duty to make a refund of the security deposit was a personal one and not a covenant running with the land which transferred to or was assumed by Hennessys, as assignees. The Blotniks appeal from all parts of the order except the dismissal of the Hennessy counterclaim; plaintiff cross-appeals, praying that the order dismissing its complaint against the Hennessys be reversed, or in the alternative, that the judgment order in their favor against Blotniks be affirmed.

■■ We consider, first, the Blotnik appeal. Since the Blotniks are not parties in interest to the cause of action between plaintiff and the Hennessys under Count II of the amended complaint, and have no direct, immediate or substantial interest therein, they have no standing to appeal from those provisions of the judgment order dismissing Count II. (*Flanagan v. Hulman*, 121 Ill.App.2d 382, 257 N.E.2d 599, 601 (1st Dist. 1970); *Schachtrup v. Hensel*, 295 Ill.App. 303, 14 N.E.2d 897, 900 (2nd Dist. 1938).) A nonparty to a cause of action is prejudiced or aggrieved in the legal sense that permits him to appeal from a final order therein when a legal right is invaded by the order complained of, or his pecuniary interest is shown to be directly and not merely indirectly affected. *City of Alton v. County Court*, 16 Ill.2d 23, 156 N.E.2d 531 (1959); see *In Re Estate of Harmston*, 10 Ill.App.3d 882, 295 N.E.2d 66, 68 (3d Dist. 1973).

■■ In respect to the judgment order in favor of plaintiff and against Blotniks on Count I, it is argued by Blotniks that the circuit court erred

in granting plaintiff's motion since the record shows a genuine dispute as to a material fact. They assert that notwithstanding that both parties to Count I filed a motion representing that there was no genuine triable issue in respect to that claim, the record shows from affidavits filed by them and by Hennessys, in support of counterclaims, that there does exist a dispute as to whether, at the time of the trade agreement between Hennessys and Blotniks on July 1, 1963, "the $9000 security deposit was fully discussed." That fact, if disputed, was not *material* to the issues made under Count I, and in our judgment, the parties also so agreed in their representations to the circuit court that no genuine issue as to any material fact existed. In *Allen v. Meyer,* 14 Ill.2d 284, 292, 152 N.E.2d 576, 580 (1958), the supreme court stated that:

> "Summary judgment procedure is an important tool in the administration of justice. Its use in a proper case, wherein is presented no genuine issue as to any material fact, is to be encouraged. The benefits of summary judgment in a proper case inure not only to the litigants, in the saving in time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials.
>
> In the instant case both parties moved for summary judgment *and thereby the court was invited to decide the issues by reference to its file.* It is clear that all material facts were before the court; the issues were defined; and the parties were agreed that only a question of law was involved. In this view, the parties were correct and the entry of summary decree for one or the other was proper."
> (Emphasis added.)

We are persuaded from examination of the record that the parties here were correct in their representations to the circuit court that no genuine triable issue of material fact existed in respect to Count I and the answer thereto, and that entry of summary judgment for one or the other on this claim was proper.

■■ The next contention advanced on behalf of Blotniks is that summary judgment ought to have been entered for them under Count I because their assignment of the lease to Hennessys under the provisions of paragraph 26 of the lease, as a matter of law, transferred to assignees the obligation of paragraph 6 to return the security deposit, and operated as a discharge or release to the Blotniks; they argue also that the amendatory agreement of July, 1966, between Hennessys and plaintiff, wherein the terms of the original lease were confirmed and ratified between the parties thereto, as a matter of law operated as a discharge to Blotniks of any obligation under covenant 6 of the lease. No authority is cited by Blotniks in support of this argument that a lessor's assignment of a

lease will, by operation of law, and without an express agreement, discharge lessor of liability to his lessee or the latter's assignee. On the contrary, the $9000 was delivered under paragraph 6 as security only; whereby title remained in the payor and its assigns, and possession was given Blotniks as pledgees for the conditional benefit of landlord. The assignment by Blotniks of all their "right, title and interest" in the lease to Hennessys did not substitute Hennessys as pledgees in the absence of a transfer of the deposit itself, or create obligations on the part of the Hennessys as pledgees of a fund they did not receive, but transferred to them only the benefits of a right to receive of that fund from the pledgees, and as assignees of landlord, in event of lessee's default. (52 C.J.S. *Landlord and Tenant* § 473(2)b (1968).) The obligation of Blotniks under paragraph 6 was a personal one, as pledgees, not as landlords. Neither their assignment of the benefits of the lease, nor their conveyance of the reversion, nor the Hennessys execution of an amendatory agreement with plaintiff, constituted a release to the Blotniks of their duty to act as pledgees of a fund they retained for a special use. And where the admitted facts show that Blotniks retained the security deposit as pledgees, and that the Hennessys never received the special fund, the Hennessys could not be held liable, for "breach of duty" as pledgees, on a counterclaim to indemnify the Blotniks. The covenants of the lease which became obligatory upon Hennessys nuder paragraph 26, as assignees of Blotniks, were those incident to assignors' status as landlord and owner of the reversion, and insofar as Blotniks are concerned not those incident to assignors' status as pledgee where the special fund was not transferred. Our disposition of these issues on the Blotnik appeal disposes of all questions that it is necessary to consider under the alternative prayer of the cross appeal.

The judgment of the circuit court in favor of plaintiff and against defendants, Blotniks, under Count I of the amended complaint, and dismissing the Blotniks' counterclaim with prejudice, is, therefore, affirmed.

ALLOY and STENGEL, JJ., concur.